ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v.
ERNEST VAN BELLE AND WIFE.

Decided June 5, 1901.

**1.—Contributory Negligence—Prudence—Danger Exciting.**

In an action for negligently causing the death of a switchman who was run over by an engine while his foot was caught between the rail and guard rail of defendant's track, the court properly charged that in determining whether or not deceased used such means to extricate. himself and avoid the danger as a reasonably prudent person would have used under like circumstances, the jury were authorized to take into consideration whether or not deceased was excited to such an extent that the means to extricate himself was not thought of by him and would not have been thought of by a reasonably prudent person.

**2.—Bill of Exceptions Conflicting with Statement of Facts.**

Where a bill of exceptions shows that certain testimony was admitted over objection, but the agreed statement of facts does not show that such testimony was given in the case, the statement of facts will not control.

**3.—Action for Death—Evidence of Pecuniary Aid—Statements by Deceased.**

In an action by parents to recover for causing the death of their son, testimony by the mother was properly admitted to the effect that prior to his death the deceased told her that as long as he lived he would continue to give and turn over to plaintiffs all the money which he earned as a laborer for the support of the family.

**4.—Same—Support of Parents by Adult Son.**

In such an action it was not error for the court to refuse to charge "that the deceased was, at the time of his death, above the age of 21 years, and being above said age, was not under legal obligation to support his parents or either of them."

**5.—Same—Verdict for Parents Held Excessive.**

Where deceased, at the time of his death, was 22 years old and was earning $70 per month, which he gave to his parents in return for their supporting him, the father being 64 years old and the mother 50, a verdict awarding $4000 to the mother and $2000 to the father was excessive.

Appeal from El Paso. Tried below before Hon. J. M. Goggin.

*Turney & Burgess* and *J. W. Terry,* for appellant.

*P. H. Clark* and *Falvey & Davis,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Ernest Van Belle and his wife against the appellant and the Rio Grande & El Paso Railway Company, to recover damages for the death of their son, Emile, alleged to have been caused by the negligence of appellant in the construction and maintenance of a guard rail, between which and the main rail of defendant's road deceased's foot was caught, and the failure of the operators of the engine and cars attached thereto, after seeing or failing to exercise reasonable diligence to discover the perilous position of Emile, and thereby running the cars over him before he could extricate himself, and causing his death.

The defendants plead a general denial and contributory negligence on the part of the deceased.

The case was dismissed as to the Rio Grande & El Paso Railway Company, and as to appellant was tried before a jury, and the trial resulted in a judgment in appellees' favor for $6000, of which $4000 was awarded to deceased's mother and $2000 to his father.

*Conclusions of Fact.*—In November, 1898, Emile Van Belle, the son of appellees, who was an unmarried man, 22 years old, while in the employ of appellant, and engaged in his duties as a switchman in the city of El Paso, while in the exercise of ordinary care, without negligence on his part contributing to the accident or his injury, got his foot caught between the guard rail and the main rail of the track in appellant's yards. As soon as he found his foot was fastened between the rails, he signals and called to the operators of the engine of the train, who had been taking the signals from him while cutting off and switching cars, to stop the train which was approaching him. Other parties who stood near, witnessing the perilous position of deceased, also signaled and called to the operators of the engine to stop the train. Appellant's servants operating the engine by the exercise of ordinary care would have discovered Emile's peril and have stopped the train before reaching the place where he was fastened, but they either negligntly failed to observe the signals, or, if they observed them, to heed them, and while Emile's foot was fastened between the rails, negligently pushed the cars against him, ran over him and killed him.

At the time of Emile's death his father was 64 years old and his mother 50. He was earning about $70 a month, which he gave to his father and mother in return for their supporting him, and with his earnings his mother and father and their two younger children and himself were supported.

*Conclusions of Law.*—1. We are unable to sustain the contention of appellant, made in its first assignment of error, "that the undisputed evidence shows that deceased directed the movements of the train at the time he was killed; that just prior to his death he signaled the engineer, who was looking at him, to move the train northward; that in obedience to the signal the engineer started the train, and just as it started the

deceased moved from where he gave the signal, across the track in front of the moving train, just passing out of the engineer's sight;" or that the undisputed evidence shows deceased, after giving the signal to move the train, went between the cars while in motion, and by his negligence in doing so was killed." These contentions embody appellant's theory of defense. While there is some evidence to support it, appellees' theory of the accident is that shown by our conclusions of fact, and is sufficiently sustained by the evidence to warrant the jury in finding against appellant's contentions, and in favor of the appellees; and to justify us in the conclusions stated.

2. In its second assignment of error appellant claims that the court erred in failing to give the following special charge: "At the request of the defendant you are charged as follows: That the evidence in this case wholly fails to show that the defendant, its agents, servants, or employes, were at the time Emile Van Belle was killed, guilty of any act of negligence, or failed in the performance of any duty required of them by law. You are therefore instructed to return your verdict for the defendant." If we are correct in our conclusion upon the first assignment of error, there is nothing in this one.

3. The third assignment is equally without merit.

4. In our opinion the following paragraph of the court's charge, complained of in the fourth assignment of error,—"In determining whether or not said Emil Van Belle used such means to extricate himself from his perilous position, if you believe he did get his foot fastened as alleged, and avoid the danger, as a reasonably prudent person would have used under like circumstances, you are authorized to take into consideration whether or not the said Emil Van Belle was excited to such an extent that the means to extricate himself was not thought of by him, and would not have been thought of by a reasonably prudent person, under like circumstances, there being no allegation that the deceased, Emil Van Belle, was excited so as to render proper and prudent action on his part impossible, and the evidence showing that the time was ample for him to have extricated himself had he been so fastened and excited,"—is amply sustained by the evidence, and correctly announces the law appertaining. Railway v. Neff, 37 Texas, 308.

5. It is contended by the fifth assignment of error that the court erred in admitting, over the objection of appellant, the testimony of Stephanie Van Belle, the mother of deceased, to the effect that prior to the death of her son he told her that as long as he lived he would continue to give and turn over to plaintiffs all the money which he earned as a laborer for the support of the family,—the objection being that such testimony is hearsay. It does not appear from the statement of facts (though it does from the bill of exception) that such testimony was given on the trial. The statement of facts was agreed to by the parties, and under the authorities of the Supreme Court should control, rather than the bill of exceptions, in determining whether

such testimony was adduced. McClelland v. Fallon, 74 Texas, 236; Ramsey v. Hurley, 72 Texas, 194; Wiseman v. Baylor, 69 Texas, 63; Railway v. Wedel, 42 S. W. Rep., 1030. But should it be conceded that the testimony complained of was given upon the trial, under the opinion of this court in Railway v. White, 23 Texas Civil Appeals, 280 (in which an application for writ of error was refused by the Supreme Court), it would seem that such testimony was properly admitted. See also Railway v. Knight, 45 S. W. Rep., 167.

6. It is complained of in the sixth assignment of error that the court erred in refusing to charge the jury, at the request of appellant: "That the deceased was, at the time of his death, above the age of 21 years, and being above said age, was not under legal obligations to support his parents or either of them." The statute prescribing for whose benefit an action for injury resulting in death may be brought, does not, as a condition precedent to the right of such action, provide that the deceased should have been under any legal obligation to contribute anything of pecuniary value to those whom the right of action is given. Rev. Stats., art. 3020. After showing that the wrongful act, negligence, etc., which caused the death, was of such character as would, had death not ensued, have entitled the injured party to maintain an action for such injury, the parties to whom the right of action is given have only, to entitle them to recover, to show that they have sustained pecuniary loss. The charge requested would have tended rather to mislead the jury than to aid them in finding a proper verdict.

7. The remaining assignment of error complains that the verdict is excessive. Conceding that deceased, had he lived, would have continued of his earnings to contribute to the support of his parents as long as they lived, when their ages are considered, the uncertainty of the amount they would have received (it not being shown how much of deceased's earnings went to his own support), we are constrained to the opinion that this assignment is well taken. No case can be found where a verdict of $6000 in favor of parents as old as appellees, for damages sustained from the death of an adult son, whose earnings were not greater than those of deceased, has been sustained. We think that a judgment for $4000 ($3000 to the mother and $1000 to the father) will fully compensate appellees for the pecuniary losses sustained by reason of the death of their son. Therefore, if within ten days appellees will enter a remittitur in this court of $2000 ($1000 to Stephanie and $1000 to Ernest) the judgment of the District Court will be affirmed. Otherwise it will, for the error indicated, be reversed and the cause remanded.

*Affirmed upon remittitur.*

Writ of error refused.