### Supreme Ruling of the Fraternal Mystic Circle v. Mrs. L. P. Crawford.

#### Decided June 6, 1903.

**1.—Benefit Insurance—Membership—Initiation—Waiver.**

Where the deceased never appeared before the local lodge of a fraternal insurance order for initiation and was never initiated into the order, but the order, with full knowledge of this fact, received all his assessments and dues and delivered to him the benefit certificate, it could not question his membership on that ground, as the initiation had been waived.

**2.—Same—Medical Examination.**

Evidence considered and held to warrant a finding that there was a sufficient medical examination of an applicant made under authority of the order.

**3.—Same—Answers of Application—Warranty—Opinion.**

It seems that the answer of an applicant for life insurance, that he has never had any serious illness, should be considered as a mere expression of opinion as to the character of the sickness, and should not avoid the policy, even though untrue and made a warranty, if the applicant did not know its falsity.

**4.—Same.**

Evidence held to warrant a finding that the applicant did not have tuberculosis at the time of the examination, although he afterwards died of it.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

*McCall & Temple* and *W. D. Williams,* for appellant.

*J. M. Richards,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee is the surviving widow of W. H. Crawford, deceased, and appellant is a fraternal insurance order chartered under the laws of the State of Pennsylvania, having agents and subordinate rulings or lodges in this State. The suit was instituted by appellee as beneficiary in a benefit fund certificate issued by appellant to her deceased husband; and the defenses were, general denial, nonmembership in the order, and pleas of fraud and false statements upon the part of deceased in his applications for membership and reinstatement in the local ruling.

Appellee replied by plea of estoppel to appellant's right to deny deceased's membership. Upon a trial before the court judgment was entered in favor of appellee for the amount of the certificate, and the insurance order appeals.

The first assignment of error is that the court erred in rendering judgment against appellant because deceased was never initiated into the Fraternal Mystic Circle.

The evidence does show that deceased never appeared before the local ruling for initiation, and was never initiated into the order, but it further appears that with a full knowledge of this fact the ruling received all his assessments and dues and delivered to him the benefit certificate. We think that in thus treating him as a member, and in delivering to him the certificate, the appellant can not be heard to question his membership. It has waived the matter. Order of Columbus v. Fuqua, 1 Texas Ct. Rep., 639; McCorkle v. Association, 71 Texas, 149; Knights of Pythias of the World v. Bridges, 15 Texas Civ. App., 196, 39 S. W. Rep., 333.

The second and third assignments complain that deceased never having been duly examined by an authorized medical examiner of the order, the judgment was for that reason erroneous. The laws of the order provide that, "No examinations for the order shall be legal unless made by an examiner approved by the supreme medical director," and it seems that there was such approved examiner, one Dr. W. W. Wilkes, at Waco, where deceased applied for membership and was examined, whose name is subscribed to the report of the medical examination of the deceased. He denies that he made the examination, but admits that he probably signed the report at the instance of Dr. Southworth, a deputy organizer for the order. Dr. Southworth testified that Dr. Wilkes was present during the latter part of the examination and signed the report. He further testified that he examined deceased himself, through an arrangement with the State deputy of the order, by which he, Southworth, was to examine his own applicants for membership and to have physicians of his own selection to sign the reports, which were to be approved without further examination, and that he had examined many of his applicants and never heard the matter questioned. In this state of the evidence we can not say the examination was not sufficient.

Appellant complains that certain answers of deceased to the medical examiner, the truthfulness of which by the terms of the certificate he

had warranted, were in fact false and a concealment of the real facts, and that he knew them to be false and incomplete, notably to the fourth and seventh questions which were: "4. Have you had any serious illness, local disease, or personal injury?" to which he answered "No." "7. Have you ever been subject to, or had any of the following disorders or diseases: Disease of the lung; pleurisy; pneumonia or inflammation of the lungs?" to each of which the deceased answered "No."

It seems to us that the answer of an applicant for life insurance upon his own life, that he has never had any serious illness, should be considered as a mere expression of opinion as to the character of the sickness and should not avoid the policy, even though such answer was untrue, provided, of course, the applicant did not know of its falsity. The form of the question necessarily calls for an opinion, and an agreement to warrant the truthfulness of the answer is no more than to warrant that the applicant will make a bona fide answer as to his opinion of the character of his ailment. See Hogle v. Insurance Co., 29 N. Y. Super. Ct., 567; Illinois Mas. Ben. Soc. v. Winthrop, 85 Ill., 537; Bacon on Ben. Soc., sec. 234. But whether this be the true doctrine or not, we are not prepared to hold that there is not sufficient evidence in the record to support a finding that the answers of deceased were true. There is evidence tending to show that he was suffering from tuberculosis, and had had pleuro-pneumonia at the time he made the several answers and warranties. But the physicians who testified for appellant say that because deceased died of general tuberculosis they attributed his former illness to a tubercular origin. In answer to the question whether or not he had been professionally treated by a physician for sickness in the past five years, deceased replied that he had, for "la grippe," and gave the name and residence of the physician who treated him. This physician testified that his lungs were not seriously attacked till just before his death, which occurred in October, 1901, while the representations of deceased were made in March and May preceding. Dr. Southworth testified that he examined deceased thoroughly and found him all right,—as sound as a dollar. Appellee testified that deceased had a spell of la grippe in June or July, 1900, and was confined to his bed for a week or ten days, though this sickness was not serious or dangerous, and was again sick in April, 1901, for about five days, but that she did not consider this at all serious or dangerous, and that he was soon out and attending to his business as usual, and that he was in good health from about May 1, 1901, to last of August, 1901. That she never heard either of his physicians say that he had general tuberculosis or consumption until after his death. That she never heard her husband complain of lung trouble.

We think from this and other similar testimony contained in the record that the trial court was warranted in finding that deceased's various answers and warranties complained of were true.

This disposes of all assignments of error but the fifth, which is to the effect that the court erred in not finding for defendant because the

evidence shows a conspiracy upon the part of Crawford and Southworth to defraud the appellant order. But after having carefully examined the testimony we conclude that this assignment too should be overruled. The deceased was a traveling salesman, and while at Waco on business met Dr. Southworth, whom he had formerly known, and there underwent the examination and applied for membership in the local ruling. This is probably sufficient explanation of his not applying to the local ruling in his home city, Weatherford, 'Texas. While the evidence raises a probable suspicion of fraud, it lacks that certainty or conclusiveness which would require of us a reversal of the trial court's judgment upon this issue.

Appellee's cross-assignment of error is also overruled, and the judgment of the District Court in all things affirmed.

*Affirmed.*

Writ of error refused.