**MITCHELL et al. v. WALKER et al.**
**(No. 6722.)**

(Court of Civil Appeals of Texas. San Antonio. May 17, 1922. Rehearing Denied June 14, 1922.)

**1. Evidence ⟐⟐443(3)—Parol evidence admissible to show additional agreement consideration of deed.**

Where plaintiffs purchased real estate from defendants, and in addition to initial payment assumed incumbrances thereon and gave their note for balance, and thereafter deeded back the property to defendants under a parol agreement, made at time of purchase, that, if plaintiffs were unable to pay the money due on the land, defendants would advance funds to protect their equities, and giving option to plaintiff to cancel sale within three years, if dissatisfied, held that, in suit to recover lands reconveyed to defendants under the agreement and for damages, the parol agreement could be shown to explain the consideration in the deed.

**2. Trial ⟐⟐382 — Duty of court, on hearing without jury, to consider weight and credibility of whole testimony.**

In case of a judge, when he hears a cause without a jury, the same duty rests on him as rests on the jury to pass on the weight of the whole testimony, and on the credibility of the witnesses brought before him.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Suit by W. A. Mitchell and others against G. C. Walker and others. From a judgment for defendants, plaintiffs appeal. Reversed and rendered.

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Fitzgerald & Hatchitt, of Wichita Falls, for appellants.

E. B. Coopwood and Nye H. Clark, both of Lockhart, for appellees.

FLY, C. J. This suit was instituted by W. A. Mitchell and J. M. Mitchell against G. C. Walker and W. P. Walker to recover of them an undivided three-eighths interest in 220 acres of land and $5,000 damages. The cause was tried without a jury, and judgment rendered in favor of appellees in the sum of $876.30 on their cross-action, and that appellants take nothing by their suit.

Appellants claimed that they had bought the land from appellees for the consideration of $1,500 cash and their notes for $2,633, and the assumption of an indebtedness due on the land, and that appellees agreed that, if appellants were unable to pay the money due on the land, appellees would advance sufficient money to preserve their equities in the land and would pay the notes of appellants for such money, and that appellants should have the option at any time to cancel the sale made to them and be reimbursed for all expenditures on the same.

The purported statement of facts was struck out by this court, because never agreed to by appellees or approved by the court, and the findings of the trial judge must necessarily be the conclusions of fact of this court. The court found: That in the fall of 1912 appellees sold the land to appellants for $11,-000, of which $1,500 was in cash and the assumption of an indebtedness of $6,867, and execution by appellants to appellees of their five notes, amounting in the aggregate to $2,633. That, while negotiating for the sale of the land to appellants, W. P. Walker told W. A. Mitchell that, if appellants were not able to make the payments, he would see them through and not foreclose on the land, and, if they became dissatisfied with their purchase in three years, appellees would repay appellants all their money, and pay for all improvements made on the land by appellants. Appellants went into possession of the land and occupied it until January, 1915, and made permanent improvements thereon of the value of $700. Appellants paid all the interest and taxes for 1913, and $300 interest and $60 in taxes for 1914. Appellants were unable to pay their indebtedness due and the holders of the debts were pressing for their money. Appellants then conveyed the land to appellees under a promise that they would arrange for the debts and hold the lands until monetary conditions improved and a sale of the land could be made for enough to pay off the indebtedness "and protect their respective equities."

Appellees took possession of the property, and in the fall of 1915, when J. M. Mitchell told appellees that he had a buyer for the

land, he was told that appellees did not desire to sell it. Appellees, in November, 1914, loaned appellants $500, which they never repaid. ' The judge held that appellants could not enforce their oral contract under the statute of frauds, and further could not recover, because no buyer was produced to purchase the land.

The first assignment is dependent on the statement of facts for its basis, and, there being no statement of facts, must perforce fail. It is not sustained by the conclusions of fact, and is overruled.

The second and fourth assignments of error assail the conclusion of the trial judge to the effect that appellants, under the law, could not ingraft a trust upon lands; the reason given for the attack being that his findings of fact establish a trust. The assignments are inaccurate in stating that the trial judge held broadly that appellants could not ingraft a trust upon the lands, because the court did not so hold, but that it could not be done by parol. The reason given for the ruling, being erroneous, is no reason at all, because the findings of facts as to a parol agreement could not change the statute of frauds, if such statute has any place in the case. Waiving those defects in the assignments, however, and assuming that a trust cannot be ingrafted on lands by parol, under the circumstances, we will proceed to consider the case made by the findings of the trial judge.

After stating the incumbrances upon the land, the court found that a parol contract was made, which induced appellants to buy the lands, which was that appellees would protect appellants against foreclosure of the liens on the land, and, if appellants became dissatisfied within three years with their trade, appellees would pay their money back, and pay for any permanent improvements made by appellants on the land. The deed was made and accepted under those conditions. Appellants paid $1,500 in cash to appellees, and made permanent improvements on the land of the value of $700. When the demands for the debts became pressing, and appellants were unable to pay the same, they applied to appellees for the promised assistance, and offered to surrender the land, if the cash advanced in money and improvements was repaid. Appellees claimed that, on account of financial stringency, they were unable to comply with that request, but stated "that, if the lands were surrendered to them, they would arrange with the said prior mortgage holders and prevent the threatened foreclosure; that they would then hold said lands until conditions improved and sale could be had at a price sufficient to discharge the outstanding indebtedness and protect their respective equities." Appellees surrendered to appellants the five notes given by them, amounting to the sum of $2,633, ob-

tained a deed of conveyance to the land, and took possession of the land. Afterwards appellants approached appellees with a proposition to sell the land for $6,700, which would have been largely in excess of all indebtedness, would have repaid appellants for their money and improvements, and left a nice sum of money for appellees. Appellees then informed appellants that the land "was not for sale and that they would not sell it." In other words, they repudiated the parol agreement made with the appellants, and have appropriated the land, greatly advanced in values, and along with it $1,500 in cash and $700 worth of improvements, besides sums expended for taxes and interest, and, in addition, have obtained a judgment for $876.30 against appellants. Appellees do not attack the findings of fact, but acquiesce in them, and are seeking to hold the land and the money of appellants on a plea of their agreement being obnoxious to the statute of frauds.

[1] Appellants prayed in the alternative for the money that was due them, after setting forth, in detail, the true consideration for the execution of their deed to appellees. By their testimony they established the true consideration, which was to be a sale of the land, the payment of the debts, and a return to appellants of the money they were out on the land. Parol testimony is always admissible to explain the consideration expressed in a deed to show the true consideration or to show an additional consideration. This rule is firmly established in all the courts of this country. Devlin on Real Estate, §§ 822 to 826. The consideration in this case was not only the assumption of the debts held by Chandler and Bright against the land, and the surrender of the five notes executed by appellants, but, in addition, the repayment of the $1,500 in cash and the $700 in improvements. Appellees agreed to this, as found by the trial judge; but when the land had advanced greatly in value, and doubtless was still advancing, appellees not only concluded not to sell the land, but also not to pay the amounts due to appellants under their agreement with them. It would be a travesty upon justice and equity to permit appellees, after having the interest and taxes for two years paid for them, to not only take the land, but cash and improvements amounting to at least $2,200, and leave appellants with nothing but dearly bought experience.

[2] For some reason, not disclosed, the trial judge has weakened his conclusions by stating, on his additional findings of fact, that he did not consider the testimony of appellees in arriving at his decision, but merely considered the testimony of appellants in making his findings of fact. Appellees did not object to their testimony being ignored, but have accepted the findings as being correct. In the case of the judge, when he

hears a cause without a jury, the same duty rests upon him as upon the jury to pass upon the weight of the whole testimony, and upon the credibility of the witnesses brought before him. The court, under the novel rule adopted by him, found that appellants did not obtain a buyer for the land; but that would not matter, for according to the contract found by him appellants did not bind themselves to produce a purchaser for the land, but, if they had so bound themselves, they would have been absolved from it by appellees refusing to sell to any one, thereby breaching the agreement. If the appellees would not sell the land, it would have been utter folly to have sought for purchasers.

The amount of the interest and taxes paid by appellants would be amply sufficient to pay for any use of the land by appellants, if such pay could, under any circumstances, have been demanded, and under the testimony the appellants would be entitled to recover the cash advanced and the value of the permanent improvements, less the amount of the promissory note for $500.

The judgment will be reversed, and judgment here rendered that appellants recover of appellees the sum of $2,200, with interest at 6 per cent. per annum on the $1,500 cash from January 1, 1916, that date being shortly after the time of breach, which time is not definitely fixed by the findings, the principal and interest amounting in the aggregate to to $2,781, less the sum of $500, with 8 per cent. interest from November 1, 1914, amounting in the aggregate to $801.70, and that appellants recover all costs in this behalf expended.

Reversed and rendered.