### BOYD et al. v. JANCIK.   (No. 8214.)

(Court of Civil Appeals of Texas. Galveston. Oct. 19, 1922. Rehearing Denied Nov. 16, 1922.)

1. Appeal and error ⬅➡1054(1)—Admission of evidence in action tried before court held harmless.

In an action tried before the court, the admission of evidence, if error, was harmless, where there was nothing to indicate that it was considered and given any weight by the court and there was sufficient other evidence to sustain the material findings.

2. Appeal and error ⬅➡1010(1)—Findings supported by evidence not disturbed.

The Appellate Court will not disturb findings where there is evidence to support them.

3. Execution ⬅➡264—Where daughter, who owned interest with mother in land, took interest in land taken as part purchase price on partition sale, she was entitled to such interest in land as against execution sale purchaser.

Where land owned jointly by mother and children was sold at partition sale and other land taken in mother's name as a part of the purchase price, and where one of the children, who was of age and was entitled to specified amount out of the proceeds under the judgment in the partition action, took an interest in such land received as part of the purchase price to the extent of the amount to which she was entitled instead of the amount thereof in cash, the child was entitled to such an interest in the land as against purchaser at execution sale under judgment against the mother.

Appeal from District Court, Burleson County; R. J. Alexander, Judge.

Action by Mrs. Vinie Boyd and others against John Jancik. From the judgment rendered, the named plaintiff appeals. Affirmed.

W. M. Hilliard, of Caldwell, for appellant. Bowers & Bowers, of Caldwell, for appellee.

GRAVES, J. This suit involved the title and right of possession to a 48 by 100 foot lot of block 4 in the town of Caldwell, Burleson county; Mrs. Vinie Boyd, née Simek, joined by her husband, J. W. Boyd, and her brother, John Simek, were plaintiffs, and John Jancik defendant. The petition of plaintiff contained three declaratory counts: (1) One in regular trespass to try title; (2) a resulting trust in their favor for the title to the property arising out of matters alleged as facts which may be generally epitomized as follows: That prior to October 5, 1915, Vinie, John, and Julia Simek, all then minors, jointly with their mother, Mrs. Anna V. Hoyach (formerly Mrs. Simek), owned 130 acres of country land in Burleson county; that at the mother's suit in partition against her three children with that objective, the land was sold under decree of court for a recited consideration of $7,000, but in fact the real consideration was $3,000, and the town lot now sued for, title to which was without their knowledge taken in their mother's name; that the children, Vinie, John, and Julia Simek, were each adjudged in that proceeding to be entitled to $469.80 out of the proceeds of such sale in lieu of partition, but did not receive it, their mother using the entire $3,000 in paying debts of her own, giving bonds instead for the return of the children's share to them, and verbally contracting with them that she would take the cash so received from the sale of the 130 acres and they should have for their part, share and share alike, the lot now in controversy; that subsequently a house then on the lot burned down, and from $1,000 insurance money collected thereon the mother settled with Julia Simek for $500 for her interest in the lot, with the understanding that it was thereafter to be the property of the two plaintiffs in this suit; that afterwards the defendant Jancik sold the lot under execution against Mrs. Hoyach with prior knowledge of all these facts, and that by reason thereof a trust for their benefit existed upon the property from the time their mother so took the title thereto in her own name. (3) An equitable lien against the lot to the extent of this $469.80 interest each, with 6 per cent. interest thereon per annum from November 15, 1915. A prayer seeking enforcement successively of one or another of these alleged causes of action was appended.

By appropriate answering pleadings, the defendant joined issue on all the averments thus made.

The cause was tried before the court without a jury, judgment being entered pursuant to and applying these findings of fact and conclusions of law:

"Findings of Fact.

"First. That Mrs. Anna V. Hoyach and her three children, Vinie Simek, John Simek, and Julia Simek, were, prior to the acquisition of the lot involved in this suit, the joint owners of a tract of 130 acres of land located in Burleson county, Tex.

"Second. That Mrs. Anna V. Hoyach filed a suit against her three children aforesaid at the fall term of 1915 of the district court of Burleson county, Tex., asking for a partition of the said 130 acres of land, and a judgment was entered in said suit finding and establishing the interests of the respective parties, and finding the land incapable of partition, directing a sale of the land, and directing that the proceeds of the said sale be turned into the registry of the said court for distribution in

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

accordance with the decree of the court. This judgment .was dated November 15, 1915, and duly entered in the minutes of said court. The sale of the land was made through a receiver to E. T. Oliver and J. E. Porter for a purported consideration of $7,000. But in fact said sum of $7,000 did not pass, but as a part thereof the lot involved in this suit was taken by said Mrs. Anna V. Hoyach as a part of said consideration, and was valued at $4,000. A deed from said E. T. Oliver and J. E. Porter bearing the date of October 5, 1915, to said Mrs. Anna V. Hoyach to said lot involved herein having been previously executed and delivered to said Mrs. Anna V. Hoyach.

"Third. That in the partition decree, under which the 130 acres of land was sold for partition, the interest of each respective party was fixed, and in the distribution of the proceeds arising from the sale of the said 130 acres of land the court ordered paid to Vinie Simek, John Simek, and Julia Simek the sum of $467.90 each, and the balance of said $7,000 to be paid to the plaintiff Mrs. Anna V. Hoyach. This judgment of the court defining interest and ordering the disposition of the proceeds of said sale is not attacked in this court, and stands as a final judgment fixing the interest of the respective parties in the proceeds arising from the 130 acres of land.

"Fourth. That at the time of the partition of the 130 acres of land, all three of the children were minors, but the said Vinie Simek being over the age of 19 years, at the same term of the court, by a suit, had her disabilities of minority removed, and at the time of the distribution of the proceeds arising out of the sale of the 130 acres of land, by judgment of the court, was made of age. Vinie Simek afterwards married and is now Mrs. Vinie Boyd. The judgment of the court in the partition of the 130 acres of land provided that the money going to John Simek and Julia Simek could be withdrawn from the court upon the execution of the proper bond by next friend.

"Fifth. That on November 24, 1915, Mrs. Anna V. Hoyach, the mother and next friend of the minors, John Simek and Julia Simek, filed with the district clerk of Burleson county, Tex., two proper bonds payable to the said clerk, with C. B. Oliver and Vinie Simek (one of the plaintiffs herein) as sureties, to cover the withdrawal of the interest of each of the minors, John Simek and Julia Simek, from the registry of the court. She, at the time, executed her two receipts covering each of said minors' interest in the money arising out of the sale of the 130 acres of land. To secure said C. B. Oliver and Vinie Simek from loss on the two bonds, Mrs. Anna V. Hoyach gave a deed of trust on the lot involved in this suit. That on the same date the above receipts were executed by Mrs. Anna V. Hoyach, Vinie Simek, for herself, executed a receipt to the receiver, C. S. Williams, wherein she acknowledged the receipt of her interest arising out of the sale of the 130 acres of land; she having been made of age previous to that date.

"Sixth. That while the above receipts stated and acknowledged that cash had passed between the parties, as a matter of fact no cash was ever passed, but the said Vinie Simek, for herself, took an interest in the lot involved in this suit to the extent of $467.30, and Mrs. Anna V. Hoyach attempted to give each of the said minor children an interest in the said lot to the extent of their interest of $467.30.

"Seventh. That the market value of the lot involved in this suit, at the time the foregoing transaction took place, was $2,000, and that, under the finding above, as fixed or attempted to be fixed in the said lot, was, eliminating odd cents (in round figures), $470/2000$ for each of said children, and the balance was the property of Mrs. Anna V. Hoyach. And while the title was in the said Mrs. Anna V. Hoyach exclusively, and while she exercised all the rights and privileges of exclusive ownership, she was in fact holding the said lot, or attempting to hold same, as trustee for the said three children in their respective interests as above set out.

"Eighth. That the minor Julia Simek, some time after acquiring the lot involved in this suit, in the manner above set out, married B. F. Boriski. That some time thereafter the buildings on said lot were burned, and an insurance policy of $1,000 was collected. Five hundred dollars was paid to Julia Simek or Boriski for her part of said lot, and the other $500 went to pay off a lien Mrs. Anna V. Hoyach had created on said lot for improvements thereon; said improvements being made and the lien created after she had taken title in herself from Oliver and Porter.

"Ninth. That on November 3, 1920, John Jancik, the defendant in this suit, recovered a judgment in the county court of Burleson county, Tex., against said Mrs. Anna V. Hoyach for the sum of $464.55, and on December 6, 1920, under an execution issued on said judgment he caused a levy to be made upon the lot involved herein, as the property of the said Mrs. Anna V. Hoyach, and after giving legal and due notice of said sale, said lot was sold under levy at the courthouse of Caldwell, Burleson county, Tex., on January 4, 1921, between the legal hours. Said John Jancik became the purchaser at the said sale for the sum of $25 cash, and the sheriff of said county executed to said John Jancik a deed to said lot, said deed being dated January 4, 1921, and was filed for record and duly recorded in the deed records of Burleson county, Tex.

"Tenth. That Mrs. Anna V. Hoyach, at the time of the levy on said lot, and was for some time prior thereto, insolvent. That notice of the levy on the said lot by John Jancik was brought to Mrs. Anna V. Hoyach, and shortly after she had such notice, or on December 11, 1920, she came to Caldwell and executed a deed to said lot involved in this suit to Vinie Simek and J. G. Simek, plaintiffs herein.

"Eleventh. That the plaintiff John Simek, at the time of the sale and distribution of the proceeds of the 130 acres of land was made through the district court, was 15 or 16 years of age. That he has not been at home for about 2 years, he having enlisted in the United States Navy.

"Conclusions of Law.

"The court finds as a proposition of law: That in the distribution of the money arising out of the sale of the 130 acres of land, and in taking an interest of $470/2000$ in the lot in-

volved in this suit, the plaintiff herein Vinie Simek, having been made of age by the court, was in a position to make the said contract or trade at the time it was made, and is bound thereby. The court further holds that the other two children, Julia and John Simek, at the time of the transaction, were minors, and therefore incapable of making or assenting to the said transaction, and neither their mother nor any one else had the authority to make such trade for them. The court further holds that at the time Julia Boriski, née Simek, accepted the sum of $500 for her interest in the lot, she was concluded thereby, leaving only Vinie Simek and Mrs. Anna V. Hoyach as owners of the lot aforesaid. The court further holds that, under the deed from Mrs. Anna V. Hoyach to Vinie Simek, and John Simek, the said Vinie Simek took only such interest in the same as she had previously held, or $470/2000$, as no additional consideration passed from Vinie Simek to Mrs. Anna V. Hoyach. The court further holds that Mrs. Anna V. Hoyach being indebted to J. G. Simek in the sum of $467.30, with interest thereon from November 24, 1915, the money she had withdrawn from the registry of the court for said John Simek. That the said money was due said John Simek from said Mrs. Anna V. Hoyach, and, as the deed to him was made as a payment of the money so due him, and which was an adequate consideration, he, said John Simek, therefore, under said deed, took and now owns an undivided one-half interest in said lot. The court further holds that under his execution deed, the defendant, John Jancik, acquired and now holds all of the interest in said lot held and owned by said Mrs. Anna V. Hoyach. That under the foregoing conclusions the court finds that the said Simek is entitled to recover an undivided one-half interest in the said lot; that said Vinie Boyd, née Simek, is entitled to recover an undivided $470/1000$ interest in one-half of said lot; and that said John Jancik is entitled to recover an undivided $530/1000$ interest in one-half of said lot; and a judgment in accordance with said conclusions is hereby directed to be entered in said cause."

Mrs. Boyd alone appeals, contending that she was entitled to and should have recovered—alike with her brother and coplaintiff, John Simek, who has not appealed—an undivided one-half of the lot involved, instead of only the $470/1000$ interest in one-half of it awarded her.

Under her first assignment appellant contends that the court erred in permitting the appellee Jancik, while a witness in his own behalf, and in response to inquiry from his counsel as to what Mrs. Hoyach said to him about this lot when he was trying to get a settlement out of her for the debt she owed him, to testify as follows:

"She said she was going to try to sell and dispose of it in some way or other, and was going to pay me before they build, or when they built, the new opera house and tailor shop. After the building burned down, I asked her to come and give me a note for the account she owed me. She said to wait for two or three days. She said as soon as she collected the insurance money she was going to pay me. She said she didn't want to give a note then. She said she wanted to sell the property to me, and asked me if I would help to sell it and get a buyer for it she would pay me. She never did claim to me that the property down there belonged to the children. She said at one time that if I would help her get a loan on this property here, and that in the country, she would pay me."

A number of objections were presented to this testimony; among them, that it amounted to a declaration, for the benefit of a claimant under her, by one while in possession of land in favor of her own title, that it was hearsay declaration of a living trustee adverse to the interest of the beneficiaries of the trust estate, that it was immaterial and irrelevant to any issue in the case, and that it was self-serving and in the interest of the witness Jancik.

[1] In the attending circumstances, we cannot say that the admission of this statement constituted any harmful error; the trial was before the court, and, if objectionable at all, there is nothing whatever to indicate that it was considered and given any weight; moreover, the statement of facts otherwise discloses sufficient evidence to sustain the material findings on which the judgment rested, without its aid. 1 Greenleaf on Evidence, § 49; Beham v. Ghio, 75 Tex. 90, 12 S. W. 996; Davis v. State, 75 Tex. 428, 12 S. W. 957.

Mrs. Hoyach was not a party to the suit, was neither asserting any title to the property in herself nor denying that of her children, hence the declaration was not one against them as beneficiaries; but if it could be considered as tending to indicate that she had an interest in the lot at that time, it was clearly admissible in rebuttal of direct testimony she herself had already given during the trial to the effect that she never at any time owned any interest The assignment is overruled.

[2, 3] Appellant's subsequent assignments, 2 to 8, inclusive, in ultimate effect, present the same contention from different approaches; that is, that the court erred in rendering the judgment it did and in not awarding her a one-half interest in the lot sued for, or at least in not establishing and ordering foreclosed an equitable lien against it in her favor. In sum, this all simply amounts to an attack upon the findings and conclusions of the trial court, which have here been quoted in full. As already indicated, we have carefully examined the statement of facts, and conclude, without deeming it necessary to relate or catalogue it, that there was evidence to support all the material findings so made; nor can we find fault with the conclusions of law deduced from them. This court is therefore not at liberty to disturb the disposition made below. It is quite true there were sharp conflicts in the testimony, but nothing

more than the trial court had the authority to resolve. Sanders v. Rawlings (Tex. Civ. App.) 77 S. W. 41; Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080.

Since no complaint is made by any one as to the recovery in favor of John Simek, we are not concerned with it.

Under the conclusion that no reversible error has been pointed out, and that the trial court's findings and judgment rested upon sufficient evidence, an affirmance is ordered.

Affirmed.