SOCIEDAD UNION MEXICANA LA CON-
STRUCTORA v. DE ORONA.
(No. 1942.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 9, 1926.)

1. **Judgment** ⚷⟹256(1)—In view of statute,
judgment must conform to verdict whether
correct or not.

Judgment of trial court must be in con-
formity with the verdict of the jury whether
the verdict be correct or not, court being with-
out authority under statute to enter judgment
notwithstanding verdict.

2. **Appeal and error** ⚷⟹854(2)—Appellate
court must affirm if there is any ground to
support judgment (Rev. St. 1925, art. 1856).

Under Rev. St. 1925, art. 1856, it is duty
of the appellate court to affirm judgment of the
lower court if there is any ground to sup-
port it.

3. **Appeal and error** ⚷⟹1011(1)—Where evi-
dence is conflicting, appellate court will re-
solve doubt in favor of finding below.

When there is a conflict in the evidence, the
appellate court will resolve any doubt that may
arise or any conflict that may exist in the evi-
dence in favor of the finding of the jury or the
trial court.

4. **Contracts** ⚷⟹318—Forfeitures are not fa-
vored.

Forfeitures are harsh and punitive in their
operation and are not favored by law.

5. **Insurance** ⚷⟹726—Forfeiture of benefit
certificate should rest on clear and plain
language.

Facts warranting a forfeiture of benefit cer-
tificate should rest on sure ground and clear,
plain, and unequivocal language.

6. **Insurance** ⚷⟹819(2)—Evidence held to sup-
port finding that deceased member was not in
arrears.

Evidence held to sustain finding that mem-
ber of beneficial association was not in arrears
at time of his death as affecting right of his
widow to death benefit.

Error from El Paso County Court; J. M.
Deaver, Judge.

Action by Agapita Vda. de Orona against
the Sociedad Union Mexicana La Construc-
tora. Judgment for plaintiff, and defendant
brings error. Affirmed.

S. P. Weisiger, of El Paso, for plaintiff in
error.

Lyons & Oppenheimer, of El Paso, for de-
fendant in error.

WALTHALL, J. Defendant in error,
plaintiff below, surviving widow of Elijio
Orona, brought this suit against plaintiff in
error, a mutual benefit society organized un-
der the laws of this state, to recover the death
benefit alleged to be due her by reason of the
death of her husband, a member of defend-
ant society and in good standing at the time
of his death on March 1, 1925. The article
of the by-law pleaded, article 26, provides
that any member has a right to the death
fund only when he is up in all his payments.
Defendant in error alleged that her deceased
husband for 18 years prior to his death was
a member of the society, and that during all
of said years had regularly and promptly
paid his dues as same fell due, and had never
defaulted in the payment of a single pre-
mium.

The death benefit to be paid is made up by
assessing a stated amount against each mem-
ber of the society when a death occurs among
the membership so that the amount of the
benefit to be paid is regulated by the num-
ber of members of the society when a death
occurs. Defendant society, plaintiff in error,
answered pleading certain articles of its by-
laws which provide, in substance, that in or-
der to receive any aid from the society the
member must be paid up on the books of the
treasurer, and that the member will be con-
sidered paid up when he has paid his quotas
in advance; that Elijio Orona, deceased, at
the time of his death had not paid all of his
quotas in advance up to the time of his death,
but was in arrears in his payments.

The case was tried with the aid of a jury
and submitted upon special issues. On issues
submitted the jury found that 204 members
constituted the membership of the society on
March 1, 1925; that Elijio Orona on March
1, 1925, was up in all his payments due de-
fendant society as provided by article 26 of
its by-laws; that the books of the defendant
society on March 1, 1925, show Elijio Orona
to be paid up, that is, that he had paid all
his quotas in advance; that Elijio Orona de-
posited the sum of $3.50 (the amount of the
assessment) with defendant society on the
day of his initiation.

On the return of the verdict, the court en-
tered judgment in favor of plaintiff (defend-
ant in error) for $714, being the aggregate
amount of the assessments based upon the
membership at the death of Orona.

It is insisted by plaintiff in error that the
uncontradicted evidence shows that on the
day Orona died he was not up in the payment
of all his quotas on the books of the society,
but in arrears in the amount of $4. It might
be conceded that the books of the society do
not show an entry thereon of quotas of $3.50
and 50 cents. If the $4 in arrears, as shown
by the book, were not in fact paid in ad-
vance, as claimed, it would, under the evi-
dence, seem to be for a death benefit assessed
against Orona on December 23, 1924, on poli-
cy 53. Orona made payments subsequent to
the last-named date. However, on whatever
policy the forfeiture is claimed; the evidence
is very confusing. No evidence was offered
on a failure to pay the assessments as they

fell due except on December 23, 1924. Confusion also arises as to the number of the policy on which it is claimed payment was not made.

Mr. E. O. Garcia, the treasurer of the society, testified:

"The books do not show anywhere the payment of what we term No. 53; it was not paid at any time before his death. In February, 1925, 54 and 55 were paid, and in February the 17, 1925, was paid the 59, 60, and 61."

Again, the witness testified:

"When Elijio Orona died I gave the members a note stating what he owed. I told them he owed No. 53 and two little ones. My book shows that 53 was paid just like I explained it to you before. On the cards that I gave to Elijio Orona I show that 54 and 55 have been paid, but I don't show that 55 is paid on the cards. My books do show that 53 is paid. I told the lodge that he owed 55; that was the policy that was due. I made this entry in the ledger because I thought he hadn't paid some other number and charged it back to 53. * * * My contention is if that 55 is paid that I have given him a receipt for that he was in good standing at the time of his death. I have given him a receipt for 55, but I have told you two or three times how I happened to make that entry. After I made the entry on his card showing he had paid 55 I went to the books and changed it the next day to some other number like it should be done."

Without stating the evidence, the witness testified that on December 23, 1924, Carlos C. Mendosa paid him $2 and no more.

Carlos C. Mendosa testified:

"I am a member of the Mexican Union Society known as 'La Constructora' and was during the year 1924. * * * During the year 1924 I was vice president of the society. I recall that during the year 1924, on the 23d of December, I received some money to be paid the society from the deceased's wife. The amount of it was $6, and I attended a meeting of the society that very same night and made payment of the money to the treasurer, and told him what I was paying it for. * * * The books you show me are the payment books of the La Constructora. I am very familiar with the books. When I brought that book and made payment of $6 I gave the treasurer instructions as to how to apply the money. I told him to pay policy 53, a small policy, and 57 and 58, and three months on next year. I told him to pay $3 on 53. * * * When I gave Mr. Garcia the money that night he did not tell me that the man was behind with his payments; he never said anything at all. I swear that I gave him $6. * * * I deny that I paid him just $2. * * * His wife sent the money by me."

Defendant in error testified that in the latter part of December she gave Mendosa $6 to make the payments.

E. M. Montes and J. A. Escajeda, both well qualified accountants, checked the treasurer's books in connection with the treasurer, Mr. Garcia, and testified, in substance, that the books show Orona to have been behind in one assessment, at the time of his death, for one benefit, $3, and two small ones, 50 cents each—$4 all told. They do not state the number of the policy, nor the time when same should have been paid. They testified only to what the entries on the books show.

The question presented to the jury, and here, is one of fact—the payment in advance of the amounts due. The jury found all of the facts in favor of defendant in error.

We do not concur in the contention of plaintiff in error that, "notwithstanding the answers of the jury to the special issues submitted to them, it was the duty of the court below to enter judgment for the defendant in that court; and, the trial court having failed to do so, this court should reverse the case and render such judgment as the court below should have rendered."

[1] It is definitely settled under the first part of the above proposition that the judgment of the trial court must be entered in conformity with the verdict of the jury, whether the verdict be correct or not, the court under the statute being without authority to enter judgment non obstante veredicto. The limit of the power of the trial court under such circumstances is to set aside the verdict and grant a new trial. Heimer v. Yates et al. (Tex. Com. App.) 210 S. W. 680, and cases cited.

[2] The second part of the proposition, referring to the duty of this court, arises under article 1856, Revised Civil Statutes 1925. This article is the same in verbiage as former article 1626, under which it has often been held to be the duty of this court to affirm the judgment of the lower court if there be any ground to support it. Denton v. Kansas City Life Ins. Co. (Tex. Civ. App.) 231 S. W. 436; Hudmon v. Fisher (Tex. Civ. App.) 210 S. W. 262.

[3] When there is a conflict in the evidence the appellate court will resolve any doubt that may arise, or any conflict, that may exist in the evidence in favor of the finding of the jury, or the trial court. Fielding v. White (Tex. Civ. App.) 33 S. W. 773.

[4-6] Forfeitures are harsh and punitive in their operation and are not favored by the law. The facts that warrant a forfeiture should rest upon sure ground, clear and plain, its language unequivocal. Decker v. Kirlicks et al., 110 Tex. 90, 216 S. W. 385. The evidence shows that Orona had been a member of this society for 18 years and had at all times met promptly every obligation.

We find no reversible error, and the case is affirmed.