## NATIONAL GRAND LODGE, LOYAL FRIENDS OF AMERICA BENEV. ASS'N, v. WILSON. (No. 641.)

Court of Civil Appeals of Texas. Waco.
April 12, 1928.

Rehearing Denied May 17, 1928.

**1. Appeal and error ⊜931(3)—Finding for appellee being general, every issuable fact is considered as found in his favor on appeal, if supported by any evidence.**

On appeal, where finding of court in favor of appellee is general, every issuable fact must be considered as found in his favor, if there is any evidence to support such finding.

**2. Appeal and error ⊜931(1)—In passing on sufficiency of evidence to sustain findings, appellate court must view evidence in most favorable light, considering only sustaining facts and circumstances.**

On appeal in passing on sufficiency of evidence to sustain findings in favor of appellee, appellate court must view evidence in light most favorable thereto, rejecting all evidence favorable to opposite contention, and considering only facts and circumstances which tend to sustain such finding.

**3. Insurance ⊜817(2)—In suit on benefit certificate, society had burden of showing member had tuberculosis when he joined.**

In suit on certificate issued by benevolent society after death of member, where society sought to be excused from payment, issue of condition of health of deceased being defensive, *held* that society had burden of showing that, at time he applied for admission, and was received, he was afflicted with tuberculosis, and that same continued thereafter, and ultimately caused, or proximately contributed to, his death.

**4. Insurance ⊜819(2)—In suit on benefit certificate, evidence held to rebut defense that member had tuberculosis when he joined.**

In suit on certificate issued by benevolent society, evidence *held* sufficient to rebut defense that member was afflicted with tuberculosis at time he applied for admission to and was received as member of order, and that same continued thereafter, and ultimately or proximately contributed to his death.

**5 Insurance ⊜825(2)—Evidence did not establish as matter of law that member of benevolent society had tuberculosis at time he was received.**

In suit on certificate issued by benevolent society, testimony in support of contention that decedent was afflicted with tuberculosis at time he applied for admission to and was received as member of order, and that same continued

thereafter, and ultimately caused, or proximately contributed to, his death, *held* not established by evidence as matter of law.

**6. Appeal and error ⊜994(3), 1011(1), 1012 (1)—It is province of trial court to pass on credibility of witnesses and weight to be given their testimony, and to solve any conflicts therein.**

It is province of trial court, who sees witnesses and hears them testify, to pass on credibility and weight to be given their testimony, and to solve any conflicts.

**7. Appeal and error ⊜1010(1)—Finding of trial court, supported by evidence, will not be disturbed on appeal.**

Finding of trial court, supported by evidence, will not be disturbed on appeal.

**8. Appeal and error ⊜664(4)—Where there is direct conflict between bill of exceptions and statement of facts, statement controls.**

Where there is a direct conflict between bill of exceptions and statement of facts, statement of facts must control.

**9. Appeal and error ⊜1054(1)—Case will not be reversed for admission of incompetent evidence, where there is sufficient competent evidence to sustain judgment, and nothing in record to indicate trial judge was influenced by incompetent evidence.**

Admission of incompetent evidence, although erroneous, is not ground for reversal, where there is sufficient competent evidence in record to sustain judgment, and there is nothing therein to indicate that trial judge considered, or was in any way influenced by, incompetent evidence in determining issues involved in case.

Appeal from Navarro County Court; Warren Hicks, Judge.

Suit by Willie Wilson against the National Grand Lodge, Loyal Friends of America Benevolent Association. Judgment for the plaintiff, and defendant appeals. Affirmed.

J. S. Simkins, of Corsicana, for appellant.
Davis, Jester & Tarver, of Corsicana, for appellee.

GALLAGHER, C. J. This appeal is prosecuted by the National Grand Lodge, Loyal Friends of America, a corporation, appellant herein, from a judgment for the sum of $500 rendered against it in the county court of Navarro county in favor of Willie Wilson, appellee herein, as the beneficiary named in a membership certificate issued by appellant to Robert Wilson, now deceased. Appellant was incorporated as a voluntary benevolent association without capital stock under the provisions of article 1121 of the Revised Statutes of 1911. Its charter declares that its object is to combine negro males and females of sound bodily health, exemplary habits, and good moral character, into a secret benevolent order. The organization of said association consists of a national grand lodge and local lodges called palaces. The laws of the order

require applicants for membership to be in good health at the time they are accepted and received as members thereof. A local palace known as Silver Leaf No. 205 was regularly instituted in Navarro county on or about December 3, 1924. Robert Wilson was duly accepted as a member thereof, and a membership certificate bearing that date was issued and delivered to him. Said certificate obligates the order, in event of his death in good standing therein, to pay death benefits amounting in the aggregate to $500 to appellee, the father of said member. Said Robert Wilson died on January 14, 1925. Just before his death appellant wrote a letter to him, and inclosed therein a check for $1.50, which it claimed was the amount received by it for or on account of his contribution to the benefit fund, and stated in such letter that appellant had learned that he was sick when his application was made, and that therefore the same could not be accepted. After the death of Robert Wilson, appellee returned said check to appellant. Appellant defended on the ground that the deceased, Robert Wilson, was not in good health at the time he applied for membership in the order and at the time he was accepted and received as a member thereof.

The case was tried before the court, and judgment rendered against appellant in favor of appellee for the sum of $500, with interest.

## Opinion.

[1, 2] Appellant by its first proposition presents as ground for reversal the contention that the evidence conclusively shows that, at the time the certificate of membership sued on was issued to the deceased, Robert Wilson, he was then seriously afflicted with tuberculosis, from which disease he never recovered, and from which he subsequently died, contrary to the requirements of the order that applicants for membership must be at such time in good health. The finding of the court in favor of appellee being general, every issuable fact must be considered as found in his favor, if there is any evidence to support such a finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention, and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, and authorities there cited. The deceased was a negro farm hand 29 years old. The testimony introduced dealt principally with his occupation and health during the last year of his life. During that year he worked for a Mr. Carroll, or on one of his farms.

Mr. Carroll testified that he had known the deceased from childhood; that some time in October he carried him over to Dr. Curry's office at Kerens; that deceased was complaining of hemorrhoids; that he got medicine for him for that trouble at that time; that Dr. Curry told him to let deceased rest, give him nourishing food, and not let him go back to work until he "got back on his feet"; that Dr. Curry did not tell him that deceased had tuberculosis, but "called it something else"; that he carried deceased to said doctor again just before Christmas; that Dr. Curry said he would not have known him, and to put him to work; that deceased picked cotton that fall, and did a man's work; that, while he could not say that deceased did not have tuberculosis, he did not look like it; that before his death deceased was running a stalk cutter; that he got wet while hauling a load of corn, and took sick with what witness thought was pneumonia, and died within a week or ten days thereafter.

Appellee, Willie Wilson, testified that the deceased made a crop on Mr. Carroll's place during the summer of that year; that he was at the home of appellee in July, and that, if he was sick at that time, he did not know anything about it; that deceased came to his house in the latter part of October, and stayed there until he died; that he had opportunity to know the physical condition of deceased, having seen him every day during that time; that deceased was not, so far as he knew, sick a good while before he died; that up to the time he got sick he was picking cotton; that just before he got sick he hauled a load of corn to town and got wet; that he then got sick and died in a little more than a week; that the doctor who attended him said he had pneumonia.

Will Black, another witness, testified that he had known deceased all his life, and had seen him from time to time, and never knew of his being sick until the attack of illness which caused his death; that for something like a month before he took sick he was picking cotton for Mr. Carroll; that he lived close to him, and that he could not have been down in bed during that time without his knowing it. The local palace was instituted by D. K. L. Knight, appellant's deputy grand master, assisted by Mrs. Mattie Johnson. She is shown to have visited in the home of appellee, to have seen the deceased several times, and to have been in a position to observe his physical condition. She took his application while he was at work in the field. While there is no direct testimony that Knight personally saw the deceased, there is testimony tending to support a reasonable inference that he did. He transmitted the application of the deceased for membership to the grand officers, and recommended its acceptance. He was still connected with the order at the time of trial. Neither he nor Mrs. Johnson testified. The physician who attended the deceased in his last illness and pronounced his disease pneumonia died before the trial.

[3-5] There was expert testimony to the effect that pneumonia and tuberculosis were

separate diseases; that tuberculosis would merely weaken the resistance in case of an attack of pneumonia, and that pneumonia proved fatal in many cases where no tubercular condition existed. The order did not require a medical examination of applicants for membership as a basis for admission. On the contrary, it advertised the absence of any such requirement as a feature calculated to attract applicants. Since the issue of the condition of the health of the deceased was a defensive one, the burden was on appellant to show that deceased, at the time he applied for admission and was received as a member of the order, was afflicted with tuberculosis, and that the same continued thereafter, and ultimately caused or proximately contributed to his death. Wright v. Federal Life Ins. Co. (Tex. Com. App.) 248 S. W. 325, 326, par. 1; National Life & Accident Ins. Co. v. Kinney (Tex. Civ. App.) 282 S. W. 633, 634. We cannot say that the entire evidence tending to rebut such defense was not sufficient, under the rule announced in Hines v. Life Insurance Company, supra, to support a negative finding on such issue. It is true appellant introduced the testimony of Dr. Curry to the effect that, when he examined deceased in October prior to his death, he found him in an advanced stage of tuberculosis. Said witness, however, further testified that, when he saw deceased just before Christmas, he was astonished at the condition he was in, and that his improvement looked miraculous. There was also expert testimony that such improvement indicated a possible mistake in the original diagnosis.

[6, 7] The testimony in support of appellant's contention did not establish the same as a matter of law. It was the province of the trial court, who saw the witnesses and heard them testify, to pass upon their credibility and the weight to be given to their testimony and to solve any conflicts therein. Roe v. Davis (Tex. Civ. App.) 142 S. W. 950, 952, 953, par. 4, affirmed 106 Tex. 537, 172 S. W. 708; Mitchell v. Walker (Tex. Civ. App.) 241 S. W. 1090, 1091, 1092; Burrows v. Rust (Tex. Civ. App.) 44 S. W. 1019, 1021; National Bank of Garland v. Gough (Tex. Civ. App.) 197 S. W. 1119, 1120, par. 1; Miller v. Himebaugh (Tex. Civ. App.) 153 S. W. 338, 342. Since the trial court in this case found against appellant's contention, and such finding is not without support in the evidence, said proposition is overruled. Waco Mutual Life & Accident Ass'n v. Hafferkamp (Tex. Civ. App.) 293 S. W. 250, 251; Home Circle No. 2 v. Shelton (Tex. Civ. App.) 85 S. W. 320, 323; Supreme Ruling of the Fraternal Mystic Circle v. Crawford, 32 Tex. Civ. App. 603, 75 S. W. 844, 845; National Life & Accident Ins. Co. v. Kinney, supra, pages 634, 635; Sociedad Union Mexicana La Construc-

tora v. De Orona (Tex. Civ. App.) 288 S. W. 1111, 1112, pars. 4–6.

Appellant's second and last proposition presented as ground for reversal is as follows:

"The trial court erred in permitting the appellee to propound the following question to the witness J. W. Hunt: 'You undertook, after this claim was in the hands of attorneys, to settle with Wilson on the outside, didn't you?' and overruling the appellant lodge's objection that any statement as made by said witness was in the nature of a compromise statement, and was not admissible for such purpose."

[8, 9] Appellant's bill of exceptions on which this proposition is based shows that said question was propounded by counsel for appellee to appellant's witness Hunt; that appellant objected on the ground stated; that the court overruled such objection; and that the witness testified in response to said question, "I didn't do it until after we had refused to pay the claim." It became necessary, in the consideration of appellant's first proposition, to make a critical examination of the statement of facts. Such examination disclosed that no such evidence was included therein. On the contrary, said witness testified that appellant wrote a letter to appellee's attorneys, advising them that, so far as it was concerned, they could enter suit. Said witness also denied that he had authorized Knight to tell appellee that, if he would get the case out of the hands of the lawyer, he would come down and make a public settlement of the claim. We find, therefore, a direct conflict between the bill of exceptions and the statement of facts. It has been repeatedly held that in such cases the statement of facts must control. Ramsey v. Hurley, 72 Tex. 194, 200, 12 S. W. 56, 58; Wiseman v. Baylor, 69 Tex. 63, 67, 6 S. W. 743; A., T. & S. F. R. Co. v. Van Belle, 26 Tex. Civ. App. 511, 64 S. W. 397, 399 (writ refused); Smith v. Loftis (Tex. Civ. App.) 281 S. W. 604, 607. While the ruling complained of as shown by the bill of exceptions was erroneous, we do not think such ruling would constitute reversible error, even if the bill were sustained by the statement of facts. There is sufficient competent evidence in the record to sustain the judgment, and there is nothing therein to indicate that the trial judge considered, or was in any way influenced by, such evidence in determining the issues involved in this case. Said proposition is overruled. Taylor v. Gossett (Tex. Civ. App.) 269 S. W. 230, 231–234, and authorities there cited; Foster v. Spearman Equity Exch. (Tex. Civ. App.) 266 S. W. 583, 589, par. 10; Boyd v. Jancik (Tex. Civ. App.) 245 S. W. 770, 772; Roach v. Crume (Tex. Civ. App.) 41 S. W. 86; Wilson v. Hunt (Tex. Civ. App.) 270 S. W. 263, 264; Davis v. Bowen (Tex. Civ. App.) 256 S. W. 621, 622.

The judgment of the trial court is affirmed.