HRANICKY v. SELL.   (No. 7467.)

(Court of Civil Appeals of Texas.   Galveston. Nov. 20, 1917.)

1. PLEADING ⟨Key⟩403(2)—JURISDICTION.

Where averments in an answer cover the want of jurisdictional averments in a petition, the pleadings of both parties may be looked to to ascertain the issues.

2. JUSTICES OF THE PEACE ⟨Key⟩137—JURISDICTIONAL AMOUNT—PLEADING.

Where plaintiff sued on a note for $85 before a justice of the peace and for foreclosure of a mortgage securing the note, but failed to aver the value of the property covered by the mortgage, and defendant in his answer alleged the value to be such as to come within the jurisdiction of the justice, the want of a sufficient averment in the petition to give the justice jurisdiction was cured by the answer.

Appeal from Austin County Court; G. S. Cumings, Judge.

Action by Charles Hranicky against Albert Sell. Judgment for defendant in the justice court was affirmed by the county court, and plaintiff accepts. Reversed and remanded.

Dewitt C. Bennett, of Wallis, and C. Douglass Duncan, of Bellville, for appellant. C. C. Glenn, of Sealy, for appellee.

LANE, J. This suit was originally instituted in the justice court for precinct No. 8, Austin county, Tex., by plaintiff, Charles Hranicky, against defendant, Albert Sell, to recover upon a note executed by defendant, payable to plaintiff, for the sum of $85, and for foreclosure of a mortgage given by defendant to plaintiff upon certain property, to secure the payment of said note, and also for attorney's fees as stipulated in the note. The citation issued out of the justice court and served upon defendant did not describe the property mortgaged, nor give its value.

Defendant filed his answer in the justice court, in which he admits the execution, and delivery to plaintiff, of the note sued upon. He further in said answer made the following allegations:

Defendant further shows to the court that, as affirmatively shown by plaintiff's citation in this cause, he has and holds a chattel mortgage upon the following personal property belonging to defendant, securing the prompt payment of the same note herein declared upon by plaintiffs, viz.:

One wagon of the reasonable value of. ...$ 40.00
One cultivator of the reasonable value of   30.00
One riding planter of the reasonable value of ................................   25.00
One iron harrow of the reasonable value of ............................   12.50
                                          ————
                                          $107.50

As a defense to plaintiff's recovery, the defendant alleged that the note sued upon was executed by him in payment for a horse sold and delivered by plaintiff to him which plaintiff represented to be in sound health and condition; that said horse was later discovered by him to be diseased and worthless, and therefore the execution and delivery of the note was without consideration. He further, by way of cross-bill, alleged that plaintiff is, for reasons therein set out, indebted to him in the sum of $180, for which he prays judgment.

On trial before the justice without a jury, judgment was rendered against plaintiff, denying a recovery upon the note and for costs of suit, and against defendant upon his cross-bill. From this judgment, plaintiff, Charles Hranicky, appealed to the county court.

When the cause was called in the county court, defendant, Albert Sell, filed the following motion:

"Now comes Albert Sell, defendant in the above styled and numbered cause, and moves the court to dismiss the appeal in this cause, appealed from justice court, precinct No. 8, Austin county, Tex., for the reason that plaintiff does not affirmatively show in his citation (petition) that the said justice court, precinct No. 8, Austin county, Tex., had original jurisdiction of the said cause, in this, that plaintiff therein prays a foreclosure of a mortgage on property, the value of which is not affirmatively shown in plaintiff's citation (petition) to be within the original jurisdiction of the said justice court, and upon the value of which said mortgaged property the jurisdiction of the proper court must be determined; and hence no appellate jurisdiction on the part of the county court to hear and adjudicate the issues in the said cause.

"Wherefore defendant prays the court whether it will take further cognizance of this cause, and that defendant go hence without day and with his costs and he will ever pray."

Upon the presentation of the motion on the 8th day of February, 1917, the court, without hearing testimony as to the value of the mortgaged property, dismissed said cause at the cost of plaintiff. Plaintiff thereupon, and on the same day, by motion in writing duly filed, asked the court to reinstate the cause; insisting that if his pleadings in the justice court were defective and insufficient to show that that court had jurisdiction, in that they failed to describe the property mortgaged and to give its value, such defect was cured by the plea or answer of defendant wherein the items of the mortgaged property and their values are specifically set out.

Defendant in objecting to a reinstatement urged the same objection to the plaintiff's pleadings as in his motion to dismiss, and further says:

"That the said order of the court dismissing plaintiff's appeal should not be set aside for the reason that defendant, in listing and valuing the property upon which said chattel mortgage is

held by plaintiff and foreclosure thereof prayed, listed and valued by defendant from memory, and citation served upon him in this case on the 13th day of December, 1916, the ·original of which is on file with the papers in this case; that the said listing is not correct either as to the items or values placed thereon; that had defendant been able to recall from memory, assisted by said citation, correct items and values of the chattels upon which plaintiff asks a foreclosure of his said chattel mortgage, the same would have exceeded the sum of $200; that the said mortgage included one ·horse, one wagon, one cultivator and one riding plow, of the estimated aggregate original value of $205, and hence the said justice court is without original jurisdiction and the county court without appellate jurisdiction."

On the same day February 8, 1917, the court refused to reinstate the cause.

To the action of the county court in dismissing said cause upon the motion of defendant, Albert Sell, and in refusing to reinstate the same upon the motion of plaintiff, the plaintiff excepted, and in his brief assigns the same as error for which the judgment of the trial court should be reversed.

[1] While it is true that where the debt sued for in a justice's court, as in this case, is less than the minimum prescribed to give jurisdiction, and the value of the property upon which a chattel mortgage is sought to be foreclosed is not alleged, the petition fails to show that the court has jurisdiction. Marshall v. Stower's Furniture Co., 167 S. W. 230; Walker Mercantile Co. v. Raney Co., 154 S. W. 317. It is equally true that averments in an answer will cover the want of averments in a petition, that the pleadings of both parties can be looked to to ascertain the issues presented, and that the facts alleged in the answer in connection with the averments of plaintiff's pleadings can be looked to in aid of the cause of action sought to be alleged by plaintiff. Gaston v. Wright, 83 Tex. at page 252, 18 S. W. 576; Lyons & Gribble v. Logan, 68 Tex. at page 524, 5 S. W. 72, 2 Am. St. Rep. 511; Hill v. George, 5 Tex. at page 89; Thomas v. Bonnie Bros., 66 Tex. 637, 2 S. W. 724; Grimes v. Hagood, 19 Tex. 249.

[2] Since the pleadings of both parties in this case when considered together show the value of the mortgaged property to be within the jurisdiction of the justice court, the county court, upon appeal to that court, had apparent jurisdiction. And therefore the county court erred in dismissing plaintiff's suit for want of jurisdiction, upon the motion of defendant, without hearing evidence as to the value of the mortgaged property.

For the error pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.