SMITH v. PATILLO. (No. 1908.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 13, 1918. Rehearing Denied Feb. 28, 1918.)

JUDGMENT ⊂⟩463—SUIT TO SET ASIDE—INSTRUCTED VERDICT.

In suit by a wife to set aside a judgment, the court should not have instructed a verdict for defendant if the jury might have found from the evidence that defendant held title to land in trust for the wife and her husband, and by collusion with the husband secured judgment vesting absolute title in him, and that the wife was not without sufficient excuse for not being present and contesting defendant's right to the judgment.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Millie Ann Smith against F. W. Patillo. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Appellant was the wife of Louis Smith. Eighteen or twenty years prior to March 14, 1910, they purchased 65 acres of land of Oakes Ames on credit. Thereafterwards until about six years before said date, when they ceased to live together as husband and wife, they occupied and used the land as their homestead; and after they separated, until she was evicted therefrom as hereinafter stated, appellant continued to occupy and use the land as her homestead. March 14, 1910, judgment was rendered by the district court of Harrison county in favor of Ames against Louis Smith for $275, that being the amount unpaid of the purchase money, and foreclosing a vendor's lien retained by Ames and ordering a sale of the land to satisfy the sum adjudged in his favor. At a sale made by the sheriff June 8, 1910, in accordance with the order, John Copeland was the purchaser for $337. He conveyed the land to appellee by a quitclaim deed dated June 17, 1910, in consideration, it seems, of $347 paid to him by appellee. Appellant and her husband claimed that Copeland by the deed from the sheriff, and appellee by the deed from Copeland, took title to the land as mere trustees for them, and that they were entitled, on paying to appellee the sum he paid Copeland, to have the title vested in them. It was on this theory, appellee refusing to concede that he was their trustee, that by a petition filed February 12, 1915, they commenced a suit against appellee. In that petition they alleged:

That, being unable to pay the Ames judgment, to prevent a sacrifice of the land, "they procured," quoting from the record, "the said F. W. Patillo, in connection with John Copeland, to arrange for the advancement of said funds to satisfy said Ames judgment and to be present at said sale and buy the land in for the use of said Louis Smith and wife; that it was agreed by and between said Louis Smith and wife and F. W. Patillo that John Copeland should buy in the land, and the deed executed to him by the sheriff should be a mortgage, and the deed executed to F. W. Patillo by Copeland should also be a mortgage as security for the money so advanced, and said Louis Smith and wife should have time to pay said mortgage, with same bearing interest from date at the rate of 10 per cent. per annum; that said Copeland did bid in said land for $337 on the 8th day of June, 1910, and received deed from the sheriff which Copeland did then agree should be a mortgage, and that said Copeland, in pursuance of said agreement, deeded the land to said Patillo by quitclaim deed; that said Louis Smith and

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

wife, relying upon said agreement, did not bid on said land at said sale, but accepted the agreement between them and said Copeland and Patillo, and allowed Copeland to bid in the land; that said Patillo actually knew that the deed to be made to Copeland by the sheriff should be a mortgage, and that said land was then the home of said Louis Smith and wife; that said Louis Smith and wife had paid said Patillo on said indebtedness $300 in cotton, which was agreed should be a credit on said debt and mortgage; that said Patillo agreed to keep an account of the payments and advise said Smith and wife of the amount; that said Patillo refused to release said land to them, and that said Smith and wife theretofore had requested him to accept the amount due on said indebtedness which they alleged to be the sum of $113, which they tender into the registry of the court, or, if they be mistaken as to the amount due said Patillo, they tender such amount as shall be found by the court to be due; that they now bring this suit for the purpose of having a decree establishing the deeds to Copeland and Patillo mere mortgages and to redeem their said land from said debt, and for general relief."

That suit resulted in a judgment, rendered March 3, 1916, in appellee's favor, and thereupon appellant was evicted from the land. The judgment contained recitals as follows:

"The plaintiffs having failed to appear, and the court being informed that plaintiffs' attorneys had withdrawn from the cause, and the defendant insisting upon said cause being tried, the court proceeded to the trial of said cause. And the court, after hearing the pleadings and the evidence, which consisted of the depositions of Louis Smith to the effect, in substance, that the allegations of plaintiffs' petition were not true, and that the alleged agreement that the deeds referred to in plaintiffs' petition were mortgages were not true," etc.

This suit was commenced and prosecuted by appellant alone against appellee alone. It was to set aside the judgment above referred to on the ground that it was procured by collusion between appellee and appellant's husband and for the purpose of defrauding her. Appellant also prayed that the deeds to Copeland and appellee be held to be mortgages, and that she be permitted to redeem the land by paying to appellee the part, if any, not already paid to him of the sum he paid to Copeland for the land. The court thought the testimony "insufficient to establish plaintiff's cause of action," and instructed the jury to return a verdict in appellee's favor. The appeal is from a judgment in accordance with such a verdict.

Geo. L. Huffman, of Marshall, for appellant. Bibb & Bibb, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). The court should not have instructed a verdict for appellee as he did if the jury might have found from the testimony that appellee held the title to the land in trust for appellant and her husband (Lucia v. Adams, 82 S. W. 335; Ellerd v. Ellison, 165 S. W. 876); if they might also have found that appellee, so holding the land, by collusion with appellant's husband secured the judgment vesting an absolute title in him, thereby defrauding appellant of her right therein (Buchanan v. Bilger, 64 Tex. 589; Davis v. Jones, 149 S. W. 727; 23 Cyc. 937); and if they might also have found that appellant was not without a sufficient excuse for not being present and contesting the right of appellee to said judgment (Allen v. Land Co., 135 S. W. 682, and authorities there cited). After carefully considering the testimony, we are of the opinion the jury might have so found, and therefore that the court erred in taking the case from them. As the cause will be remanded for a new trial, the testimony will not be commented on further.

Judgment reversed, and cause remanded for a new trial.