TITTLE, Acting Comptroller, v. BARTHOLO-MAE et al. (No. 6097.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1918.)

1. INTOXICATING LIQUORS ⬥⬥108(10)—PETITION TO REINSTATE LICENSE—SUFFICIENCY.

A petition to compel the acting comptroller of Texas to reinstate a retail liquor license held, as against general demurrer, to sufficiently allege the license was rescinded and vacated.

2. PLEADING ⬥⬥34(3)—CONSTRUCTION—GENERAL DEMURRER.

When assailed by a general demurrer, every reasonable intendment should be read into the petition.

3. PLEADING ⬥⬥403(2)—DEFECT IN PETITION—CURE BY ANSWER.

Though a petition to compel the acting comptroller of Texas to reinstate a retail liquor license failed to allege the. license had. been rescinded and vacated, the defect is cured, where that fact was set out by the answer.

---

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Suit by W. G. Bartholomae and another against L. W. Tittle, Acting Comptroller of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed.

B. F. Looney and W. J. Townsend, both of Austin, for appellant.

C. J. Gray and Don A. Bliss, both of San Antonio, for appellees.

FLY, C J. This is a suit against the comptroller of public accounts of Texas, instituted by appellees, to have a liquor license reinstated which it was alleged appellant "undertook unlawfully and illegally to rescind, vacate, and withdraw." Judgment was rendered reinstating the license.

[1, 2] The only question presented in this court is as to the action of the trial court in overruling a general demurrer to the petition. The petition, omitting caption and signatures, is as follows:

"Your petitioners, W. G. Bartholomae and J. E. Helmer, respectfully show to the court that heretofore on, to wit, the ——— day of ———, 1917, the proper authorities of the state of Texas and of the county of Bexar, and the city of San Antonio, in said county and state, issued and, delivered to your petitioners retail liquor dealers' licenses, authorizing your petitioners to conduct a retail liquor dealer's business in the said city of San Antonio, on Commerce street, in the said county of Bexar, and petitioners proceeded to open said business and to conduct the same on said street.

"Thereafter, on, to wit, the 8th day or the 9th day of February, 1918, the comptroller of the state of Texas, or rather the acting comptroller of the state of Texas, one L. W. Tittle, undertook to rescind, vacate, and withdraw said license unlawfully and illegally.

"Your petitioners show to the court that licenses authorized and empowered your petitioners to conduct said business and to sell at retail spirituous, vinous, and malt liquors in quantities less than a quart from said date for the period of one year. The said licenses were then and there of the value of, to wit, $1,200.

"But the said acting comptroller of the state of Texas undertook unlawfully and illegally to rescind, vacate, and withdraw said licenses, and to prevent your petitioners from conducting said business on or about the date hereinbefore mentioned.

"Premises considered, petitioners sue, and pray that the comptroller of public accounts for the state of Texas be cited to answer this petition, and that, upon final hearing, your petitioners have judgment reinstating said licenses, for costs, and for general relief."

It is contended that the petition is subject to general demurrer, because it does not allege that the comptroller "did vacate, annul, and rescind such license," but merely that he undertook to do so. Reading every reasonable intendment into the petition, as is required to be done when assailed by a general demurrer, it is clear that the pleader intended to state that the license was rescinded and vacated. This is borne out by the prayer for a reinstatement of the license.

[3] Had the petition been subject, on its face, to a general demurrer, appellant cured its defects by fully admitting that he had vacated, rescinded, and annulled the liquor license, giving his reasons therefor. That the allegations in an answer may be considered in connection with those of the petition, in order to sustain the latter, when attacked by demurrer, is well established in Texas. Peoples v. Brockman, 153 S. W. 907, and authorities therein collated; Hotel Dieu v. Armendariz, 167 S. W. 181; Hranicky v. Sell, 199 S. W. 315. The first case cited was decided by this court, through Associate Justice Moursund, and a writ of error was denied by the Supreme Court.

The judgment is affirmed.