## DRISCOLL v. DENNIS. (No. 6153.)

(Court of Civil Appeals of Texas. Austin. March 24, 1920. Rehearing Denied April 28, 1920.)

**I. Usury** ☜137—**Mere usurious claim does not justify penalty.**

The mere claim of usurious interest in an account which had not been paid does not subject the claimant to the statutory penalty for usury, which applies only where usury is collected or received.

**2. Usury** ☜137 — **Penalty depends on payment of usurious contract.**

The inclusion in an account which had been paid of an amount representing interest above the legal rate does not subject the party receiving it to the penalty for usury, where the other party denied any contract to pay usurious interest, since the penalty can be recovered only on proof that the payment was received and accepted upon a contract for usurious interest.

Appeal from Milam County Court; W. W. Gillis, Judge.

Action by James Dennis against P. T. Driscoll. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Robert M. Lyles, of Cameron, for appellant.

Chambers & Wallace, of Cameron, for appellee.

KEY, C. J. Appellee sued appellant, seeking to recover for his alleged share of the proceeds of a crop produced by him on a farm belonging to appellant. He also sought to recover $300 from appellant, on account of an alleged violation of the usury statute.

Appellant answered by general demurrer, general denial, and a special plea, the contents of which we deem it unnecessary to set out.

Appellee filed a supplemental petition, the contents of which need not be stated. The defendant also filed a supplemental answer, denying specially that he had charged appellee usurious interest.

The court overruled all the demurrers and exceptions presented by both parties, and after the evidence was closed submitted the case to the jury upon special issues.

The plaintiff asked in his pleading that the defendant be required to file an accounting, and the latter did so, and the jury found that one item of that account, amounting to $89.50, was intended by the defendant as a charge against the plaintiff for interest.

The findings of the jury also show that the plaintiff had paid to the defendant $52.93, and the court in rendering judgment for the plaintiff for $231 appears to have based the same upon the $52.93 referred to and double the amount of $89.50, which the plaintiff sought to recover upon the ground of usury.

Without considering in detail all the assignments, we hold that some of them point out reversible error, and entitle appellant to have the case retried.

[1] The statutory penalty prescribed for the enforcement of the usury law is limited to transactions where usury is collected or received, and such penalty is not recoverable merely because in an account or otherwise a usurious claim is made; the party suing to recover the penalty must show that the other party has not only claimed, but has collected or received, usury. In this case the proof fails entirely to show that the defendant had ever received or collected the item of $89.50; and therefore the plaintiff was not entitled to recover any penalty for a violation of the usury statute, unless it be double $52.93, the amount of the difference between the amounts paid by the plaintiff to the defendant and the amounts the defendant was entitled to.

[2] But, in order to predicate a recovery of penalty for violating the usury statute upon that item, it must be alleged and proved that such excess paid by the plaintiff to the defendant was received and accepted by the defendant as a payment upon a contract for usurious interest; and such proof was not made. In fact, the plaintiff alleged that there was no contract to pay usurious interest.

We overrule appellant's contention that the plaintiff sought to recover more than $1,000, and therefore the county court was without jurisdiction. Considering all of the plaintiff's pleadings, we think they are susceptible of the construction that the amount sought to be recovered was not in excess of $1,000, but suggest that the pleadings be amended and made more certain in that respect.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.