**TUBB v. FUHRMAN et al.** (No. 3068.)

Court of Civil Appeals of Texas. Amarillo. Sept. 26, 1928.

Will Crow, of Canadian, for appellant.

J. W. Sanders and E. J. Pickens, both of Canadian, and E. T. Scott, of Wheeler, for appellees.

HALL, C. J. Appellee Fuhrman sued Charles Tubb and D. E. Holt, alleging in substance that on the 24th day of August, 1921, one D. M. Wright executed and delivered to the defendant Holt 11 vendor's lien notes of that date, payable to Holt or his order, with interest from January 1, 1922, until maturity, at the rate of 8 per cent. per annum, interest being payable January 1st of each year. He alleges that each note contains a provision that a failure to pay any one of said notes, or any annual installment of interest when due, shall, at the election of the holder of said note or notes, mature the whole series, and contains a further provision for 10 per cent. attorney's fees. The notes are specifically described with reference to the amounts stated therein and the respective maturity dates. It is alleged that D. M. Wright, the maker of said notes, is not made a party to the suit for the reason that he is a nonresident of the state of Texas and is notoriously insolvent; that plaintiff is the owner of all of said notes, except the first three, and one note for $659, numbered 4, upon which he does not seek a recovery. He further alleges that he is the legal and equitable owner and holder of said notes, together with the vendor's lien securing the same, and all the rights, titles, and equities owned and held by the defendant D. E. Holt, by reason of being the original payee in said notes; that he had theretofore purchased said notes from Holt, paying a valuable consideration therefor; that Holt had indorsed and guaranteed the payment of each of them, waiving demand, protest, and notice of nonpayment; that plaintiff is the holder in due course of the notes described in his petition; that, by reason of the failure in the payment of interest due upon all of said notes, plaintiff has elected and does declare all of said notes due and payable.

He alleges that he placed the same in the hands of an attorney for collection, agreeing to pay the stipulated attorney's fees for the services of said attorneys; that the defendant Charles Tubb is claiming an interest in the hereinafter described property, the exact nature of which is unknown to the plaintiff, but which is inferior and subordinate to the claims of the plaintiff, and prays that the said Tubb be made a party to this suit; that said notes were executed in part payment for the north half of section No. 30, block M–1, H. & G. N. Ry. Company's surveys, in Hemphill county; and that the vendor's lien was retained upon said land both in the deed and the notes to secure the payment of the consideration evidenced by said notes.

The appellant, Tubb, answered by general demurrer, special exceptions, general denial, and specially answered that it was true that Wright purchased the tract of land described in the petition from Holt, and took a deed from Holt conveying said land, in which a vendor's lien was reserved to secure the payment of the 11 promissory notes described in the petition; that on August 5, 1922, Wright executed to the Federal Land Bank of Houston a deed of trust upon the land to H. M. Gossett, trustee, to secure the payment of a note for $3,700, due said bank, which was executed in renewal and extension of the first three notes given by Wright to Holt and $659 of note No. 4; that Wright defaulted in the payment of the interest on January 1, 1927, whereupon Holt instituted suit on said notes in the district court of Wheeler county, Texas, to enforce the collection thereof and to foreclose the lien upon the land; that thereafter Holt and Wright entered into a compromise agreement to the effect that, if Wright would reconvey the land to Holt, said notes would be canceled, together with the lien securing them, this being the consideration for the reconveyance by Wright of the land to Holt; that said reconveyance was made in pursuance to said agreement, and that the deed from Wright and wife to Holt does not state the true consideration; that on January 7, 1927, Wright executed and delivered to Will Crow his certain promissory note in the sum, of $400, due October 1, 1927, bearing 6 per cent. interest, and to secure the payment of said note delivered to C. W. Allen, as trustee, a deed of trust upon said land; that on August 4, 1927, the said Crow sold and transferred the note and lien to the defendant Tubb without recourse; that Wright defaulted in the payment of said $400 note, whereupon the trustee, under the power contained in the deed of trust, sold the property, on December 6, 1927, to Charles Tubb, and, executed a trustee's deed conveying the property to Tubb, and by reason of said facts Tubb is now the legal holder and owner in fee simple of the land, subject only to the lien of the Federal Land Bank; that, at the time said deed of trust was executed and given by Wright to Crow, Holt was the owner and holder of the notes, and was such owner and holder at the time Wright and wife reconveyed the property to him; that by reason thereof the lien was merged in the title and plaintiff had no lien to foreclose against said tract of land; that the failure and refusal of Fuhrman to take a written assignment of the vendor's lien from Holt to himself and place the same of record in Hemphill county, so as to apprise Tubb of the true ownership of said notes, estopped plaintiff from claiming any right, title, and interest in and to the tract of land as against Tubb,

who had acquired the land in good faith without any notice of any claim the plaintiff may have had; that any attempt to purchase said notes on the part of plaintiff was made after the reconveyance of said property by Wright and wife to Holt; that it was the intention of Holt and Wright and wife, at the time of said reconveyance, that the notes were to be fully paid off and satisfied and the vendor's lien canceled and held for naught; that Tubb had relied upon the records of Hemphill county, Texas, in the purchase of said $400 note, and that said records showed only the sum of $3,700 due the Federal Land Bank.

Holt answered, alleging that he had conveyed the land to Wright, and as part of the consideration for such conveyance Wright had executed the notes sued upon by plaintiff; that said notes were in turn sold and indorsed to plaintiff, with the payment of said notes guaranteed; that thereafter Holt had, in his own name, but for the use and benefit of plaintiff, instituted proceedings to recover upon said notes and foreclose the lien, but upon agreement with Wright the suit had been dismissed upon a reconveyance of the land and the further consideration by Holt of the assumption of the payment of the notes; that he was liable to the plaintiff for the payment of the notes, which he assumed, and which he had indorsed and guaranteed; and prayed that the lien be foreclosed against Tubb.

The case was tried to a jury, and after the plaintiff had introduced his evidence, the defendant Tubb having failed to introduce any evidence, the court directed the jury to return a verdict in favor of the plaintiff, Fuhrman. In accordance with the verdict, judgment was rendered against both Holt and Tubb for the amount sued for and foreclosure of the vendor's lien. Tubb alone has appealed.

Under several propositions, it is insisted that, because the plaintiff's petition failed to allege that the land had been reconveyed by Wright and wife to Holt, and because Wright had not been made a party to the suit, as original vendee, the court should have sustained the defendant Tubb's general demurrer to the petition, and erred in permitting plaintiff to introduce in evidence, over Tubb's objections, such deed of reconveyance. As shown above, Tubb alleged specifically the fact that Wright and wife had reconveyed the land to Holt.

■ The rule is that, in passing on a general demurrer to a petition, necessary allegations omitted from the petition, which are set forth in the answer, may be considered in passing upon the demurrer, and that the court may properly look to the pleadings of both parties and construe them together as a basis for its ruling. Hoffman et al. v. Magnolia Petroleum Co. (Tex. Com. App.) 273 S. W. 828; Pope v. K. O., M. & O. Ry., 109 Tex. 311, 207

S. W. 514; Fry v. Barron (Tex. Civ. App.) 2 S.W.(2d) 288; Wilson v. Duncan (Tex. Civ. App.) 269 S. W. 239, and authorities cited.

■ Each of the notes sued upon has indorsed thereon a transfer both of the note and of the vendor's lien, signed by Holt. This transfer is not dated. No oral evidence whatever was introduced upon the trial. The plaintiff introduced the deed from Holt and wife to Wright, which describes the notes sued upon and retains the vendor's lien to secure their payment. He then introduced notes numbered 4 to 11, inclusive, and the deed of Wright and wife reconveying the property to Holt. This deed recites a consideration of $9,837 "paid and secured to be paid by Holt as follows: $100 cash in hand paid, the receipt of which is hereby acknowledged; the assumption of a series of notes given by D. M. Wright to D. E. Holt; also the assumption of the Federal Land Bank loan against the land." This deed also retains a vendor's lien to secure the payment of said notes. After the introduction of this evidence plaintiff rested. The defendant Tubb introduced no testimony whatever to sustain his allegation that he was a bona fide purchaser of the $400 note from Crowe, and neither the note nor the deed of trust given to secure it were offered in evidence. In the absence of any such testimony, Tubb showed no right whatever to recover any part of the premises in suit. Under R. S. art. 5935, § 59, Fuhrman is presumed to be a holder in due course of each of the notes sued on.

■ Where notes are made payable to one, and indorsed by him and transferred, and the date of such indorsement and transfer is not shown, the presumption is that they were indorsed and transferred at the time of their execution. Howard et al. v. Stahl (Tex. Civ. App.) 211 S. W. 826, Jackes-Evans Manufacturing Co. v. Goss (Tex. Civ. App.) 254 S. W 320.

■ ■ Indulging this presumption in favor of Fuhrman, the reconveyance of the property by Wright and wife to Holt did not effect a merger of any title in Holt. In the absence of evidence contradicting the recited consideration in the deed of reconveyance, we must presume that Holt assumed the payment of the notes sued upon as part of the consideration therefor. Under the record before us, the court did not err in directing a verdict.

■ The only remaining contention made by appellant is that, after the introduction of the deed reconveying the land, appellant requested the court to postpone the trial for two or three days, until he could secure the testimony of Wright, who he alleges to be a resident of Oklahoma City, for the purpose of showing what was the true consideration for the reconveyance. His motion for a postponement is wholly insufficient. It states no reason why these facts cannot be proven by Holt,.

and shows no diligence to procure the testimony. The fact of the reconveyance was alleged by Tubb, and, if it was material to his case, the duty rested upon him to use reasonable diligence to secure the testimony of Wright, which he failed to do. The facts which he states he could prove by Wright would avail him nothing, if Fuhrman acquired the notes prior to their maturity. He made no effort to controvert Fuhrman's allegation to the effect that he was a bona fide holder.

We find no reversible error, and the judgment is affirmed.