**WESTBROOK v. CLINTON GROCERY CO.**
(No. 706.)

Court of Civil Appeals of Texas. Waco.
Oct. 4, 1928.

Sleeper, Boynton & Kendall, of Waco, for appellant.

Joe W. Taylor and W. L. Eason, both of Waco, for appellee.

GALLAGHER, C. J. Appellee, Clinton Grocery Company, a partnership, sued Moody Griffin to recover on a promissory note and to foreclose a chattel mortgage on six bales of cotton. Appellees alleged that John Smajstrala and appellant, Lawrence Westbrook, had each converted separate portions of said cotton, made them parties to the suit, and sought judgment against them for the value of the respective portions thereof so converted. Moody Griffin rented 30 acres of land from W. T. Thompson and planted the same in cotton. He agreed to pay Thompson one-fourth of said crop as rent. Thompson advanced to him $135 to enable him to make said crop. On February 17, 1927, Griffin, to secure his note to appellees in the sum of $760.06, executed a mortgage on the entire crop of cotton to be raised on the rented premises. Said mortgage was duly filed and registered in the office of the county clerk as provided by law. Three bales of the cotton raised on said rented premises were sold to appellant, Westbrook, by Griffin for the sum of $361, which was conceded to be the market value of the same at the time. The remainder of said crop was sold to the said Smajstrala.

The case was tried to the court, and resulted in a judgment in favor of appellees against Moody Griffin for the sum of $699.66, and against appellant, Westbrook, for $176.47, and said Smajstrala for $75.63, respectively, as converters of separate portions of said crop of cotton. This appeal is prosecuted by said Westbrook alone.

## Opinion.

Appellant's principal legal contention is that the court should have ascertained and deducted from the sum for which judgment was rendered against him the amount of money paid by Griffin out of the proceeds of said three bales of cotton for the picking of the same. The amount of the judgment appealed from was determined by deducting from the market value of said three bales of cotton as aforesaid, one-fourth thereof as rent and also the proportionate part of the advances made by Thompson to enable Griffin to make said crop. The judgment rendered is for the remainder after deducting said respective sums from the value of said three bales of cotton. Griffin testified that he paid his rent and advances to his landlord out of the proceeds of his cotton crop. He also testified that he paid for picking said crop out of such proceeds. His testimony is conflicting as to the amount paid for such purposes out of the cotton purchased by appellant. He did not testify to whom said money for picking was paid nor the amount so paid. He did not testify affirmatively whether he hired his entire crop picked or whether he or his family picked part of the same. Appellant introduced testimony that the price of cotton picking at that time ranged from $1 to $1.25 per hundred, and that said three bales of cotton purchased by him weighed, in the seed, 4,440 pounds. Based on said testimony, appellant claims that the court should have allowed the sum of $55 for picking the cotton purchased by him as a further reduction of the amount for which judgment was rendered against him, and that the judgment appealed from is therefore to that extent excessive. Before appellant could insist upon a reduction of the amount of the recovery against him on account of the cost of picking said cotton, it devolved upon him to show the amount of the purchase price of said cotton so applied, and that the party or parties to whom the same was paid had a valid subsisting lien thereon superior to the lien of appellees. Article 5483 of the Revised Statutes gives farm laborers a first lien to secure their wages upon the products of their labor. While such lien is described by the statute as a first lien, it is declared to be subordinate to the landlord's lien for rent and advances. There is no express declaration that such statutory lien shall be subordinate to a mortgage lien given, and registered prior to the rendition of such services. Neither is there any declaration that it shall have precedence over such a mortgage lien. Substantially the same language is used in the succeeding article of the statutes, by which employees of newspapers, to secure their wages, are given a first lien on the machinery, tools and fixtures of the employer connected with the performance of the labor for which such wages are claimed. Our Supreme Court, in a well-considered opinion by Mr. Justice Greenwood, held that the lien given by such article did not take precedence over a prior duly registered chattel mortgage lien on the same property. American Type Founders' Co. v. Nichols, 110 Tex. 4 et seq., 214 S. W. 301, and

authorities there cited. Clearly, the lien given by said article 5483 has the same standing and its enforcement is therefore controlled by the decision in that case. Since the lien, if any, of the parties who picked or assisted in picking said three bales of cotton, was inferior to appellees' prior duly registered mortgage lien thereon, appellant was not entitled to have his liability for the conversion of said cotton reduced or abated on account of the fact that some of the money he paid therefor was applied by Griffin in paying for picking the same.

 The other issues raised by appellant are principally questions of fact. The finding of the court in favor of appellees being general, every issuable fact must be considered found in their favor if there is any evidence to support such a finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690. The evidence is sufficient to support the judgment of the trial court on every issue raised by appellant. The judgment of the trial court is therefore affirmed.