## STEPHENS v. COLLINS PIANO CO.
### No. 3860.

Court of Civil Appeals of Texas. Texarkana.
May 14, 1930.

Rehearing Denied May 22, 1930.

in rendering any judgment in this case, for the reason that the trial court was without jurisdiction to hear and determine this controversy, as the same was a suit for foreclosure of a chattel mortgage upon personal property and the value of the mortgaged property was not alleged, such allegation being necessary to confer jurisdiction on the county court."

As a general rule, a petition in the county court to foreclose a mortgage on personal property may not be regarded as affirmatively showing the jurisdictional amount involved where the value of the mortgaged property is not alleged, although the amount of the indebtedness secured thereby is shown by allegations to be within the prescribed jurisdiction of the court. McKee v. Le Fors (Tex. Civ. App.) 253 S. W. 598; People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66; Watts v. Stewart (Tex. Civ. App.) 201 S. W. 1061; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224. But there is authority for the view that the failure to allege this jurisdictional fact is cured, and the jurisdiction of the county court is sufficiently made to appear, if the mortgaged property and its value are specifically set out in the plea or answer of the defendant. Hranicky v. Sell (Tex. Civ. App.) 199 S. W. 315; Joyce v. Hagelstein (Tex. Civ. App.) 163 S. W. 356; Brunson v. Bank (Tex. Civ. App.) 175 S. W. 438. The trial court seemingly followed those cases in the present suit, and the ruling made by him may not be disturbed, as the jurisdictional amount does reasonably appear from the pleadings, considered as a whole, and the proof.

The defendant alleged in his plea of reconvention that "the piano was not a new piano; that it was old, scratched and worn," and the company agreed to sell it to him for the price of "the two notes herein sued upon" and "agreed to take said victrola in on said piano at $175.00." The trial court made the finding of fact that no fraudulent representations were made in the sale of the piano; that the piano "was a new and late model" and "not a second-hand piano," and was sold to defendant "at the sum of $470.00," and defendant "executed a mortgage lien thereon in favor of the Collins Piano Company" to secure payment of "his two certain promissory notes for $147.50 each." The court necessarily considered the reasonable value of the piano, in its condition described in his finding, to be of the value of the purchase price of $470. In the circumstances the assignment of error is overruled.

Judgment affirmed.

Bowman & Bowman, of Greenville, for plaintiff in error.

Neyland & Neyland, of Greenville, for defendant in error.

LEVY, J. (after stating the case as above). The assignment of error upon which the appeal is predicated reads: "The court erred