## DOUGLAS v. CITIZENS' STATE BANK OF WHEELER et al.

No. 3847.

Court of Civil Appeals of Texas. Amarillo.

June 22, 1932.

Rehearing Denied Sept. 7, 1932.

Hoover, Hoover & Cussen, of Canadian, J. W. Payne, of Perryton, and Lackey & Lackey, of Stinnett, for appellant.

Sanders & Scott, of Amarillo, for appellees.

JACKSON, J.

The plaintiff, Citizens' State Bank of Wheeler, a banking corporation, instituted this suit in the district court of Hansford county against the defendant W. H. Douglas, to recover $4,283 for the alleged conversion of 8,500 bushels of wheat. The case was transferred to the district court of Hutchinson county, where it was tried.

The plaintiff alleged its debt evidenced by certain notes executed by W. B. Thompson, who for the purpose of securing the payment thereof executed and delivered to plaintiff a valid chattel mortgage on certain property, among which was the wheat involved in this controversy; that plaintiff had obtained a valid and subsisting judgment on said notes.

in the district court of Wheeler county, Tex., against W. B. Thompson for the sum of $6,120.79, and a foreclosure of its chattel mortgage lien on all the property covered by said mortgage, save and except said 8,500 bushels of wheat; that there had been paid on said debt $1,836.89, leaving a balance of $4,283.90 against W. B. Thompson, which was due and unpaid; that about July 1, 1930, the defendant purchased from said Thompson said 8,500 bushels of wheat and converted them to his own use and benefit; that plaintiff's mortgage covered and included said wheat; and by reason of the conversion thereof by the defendant plaintiff was damaged in the sum of $4,800.

The defendant answered by numerous demurrers, general denial, and pleaded that plaintiff's debt had been fully paid and discharged, both principal and interest; that the debt sued on was tainted with usury for the reason that, in addition to the 10 per cent. provided for in the notes, the plaintiff charged W. B. Thompson $1,500 as a bonus for making the loan, which was a fraudulent device to evade the usury law, and that double the amount of usury so charged should be credited on said indebtedness, which, together with the other credits and payments, would pay off and satisfy the debt; that, in addition to the 8,500 bushels of wheat involved, the plaintiff's mortgage covered various other crops of wheat and personal property, all of which is described in detail, and that plaintiff be required to disclose the amount of money it received from the other property and securities covered by the mortgage and be required to account for a vendor's lien note for the sum of $4,115.15 held by plaintiff as collateral; that the defendant, if it is determined that he is liable, is entitled to credit with all amounts paid by him to the said Thompson which the bank received and for the sum of $2,804.31 advanced by him and used by Thompson in harvesting said crop, giving an itemized statement of the different sums advanced; that, since the execution of the note and mortgage sued on, W. B. Thompson had died intestate, and Ben Richards had been duly appointed and qualified administrator of his estate; asked that the administrator be made a party to the suit, and that defendant have judgment over against the estate for any amount for which he was held liable.

The administrator answered, but made no further appearance.

In response to special issues submitted by the court, the jury found, in substance, that the defendant purchased from W. B. Thompson about July 1, 1930, 6,000 bushels of wheat covered by plaintiff's mortgage, of the market value of 61½ cents per bushel; that the defendant paid W. B. Thompson the sum of $1,643.93 in excess of the value of the wheat he purchased that was covered by the mortgage.

On these findings judgment was entered that plaintiff recover of W. H. Douglas $1,823.50, with its costs, and that W. H. Douglas take nothing on his cross-action against Ben Richards, the administrator of the estate of W. B. Thompson, deceased, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the trial court in overruling his so-called special exceptions which were, in effect, but general demurrers to plaintiff's petition, for the failure of appellee to allege and describe therein the property other than the 8,500 bushels of wheat on which it had a mortgage.

■ If appellee's petition was insufficient for omitting the allegations complained of, it was cured by appellant's answer, which set out in detail the wheat crops and personal property other than the 8,500 bushels of wheat covered by the mortgage.

"The rule is that, in passing on a general demurrer to a petition, necessary allegations omitted from the petition, which are set forth in the answer, may be considered in passing upon the demurrer, and that the court may properly look to the pleadings of both parties and construe them together as a basis for its ruling." Tubb v. Fuhrman et al. (Tex. Civ. App.) 9 S.W.(2d) 465, 467, and authorities cited.

Appellant presents as error the action of the trial court in sustaining the exception of plaintiff to his plea of usury.

Article 5073, R. C. S., provides, in part: "Within two years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same."

■ Appellant did not allege that he was a party to the transaction between appellee and W. B. Thompson or that he paid usurious interest or that he was the legal representative of said Thompson or that usurious interest had been paid; hence this contention is not tenable. Cassidy v. Scottish-American Mortgage Co., Ltd., 27 Tex. Civ. App. 211, 64 S. W. 1023; Trabue v. Cook (Tex. Civ. App.) 124 S. W. 455; Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363; Driscoll v. Dennis (Tex. Civ. App.) 220 S. W. 576, 577; Continental Savings & Building Association v. Wood et al. (Tex. Civ. App.) 33 S.W.(2d) 770.

The appellant assails as error the action of the trial court in sustaining special exceptions to his allegations by which he sought to have credited upon the amount recovered against him the expenses appropriated out

of the money he paid for the wheat for harvesting and marketing said wheat.

No lien for the labor of harvesting and marketing the wheat was alleged. The wheat purchased was covered by a valid chattel mortgage, duly and properly registered. This assignment is overruled. Westbrook v. Clinton Grocery Co. (Tex. Civ. App.) 9 S.W.(2d) 1044; American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 301.

The appellant assails as error the action of the trial court in refusing to submit to the jury at his request certain special issues by which he sought to have the jury determine whether the amount of money received by appellee from mortgaged wheat purchased by the appellant and whether the amount of money received by appellee for mortgaged wheat purchased by Lee McClelland and the mortgaged wheat delivered to one Porter accounted for all the wheat grown on the farm covered by appellee's mortgage; if not, how much the shortage was.

[4, 5] The testimony discloses that W. B. Thompson was a tenant in 1930, and had leased the farm of 1,400 acres on which he grew the wheat in controversy; that one half of the wheat grown belonged to the landlord and the other half belonged to said Thompson and was covered by appellee's mortgage. The appellee admits that it received $1,400 from Lee McClelland, who had purchased from W. B. Thompson wheat grown on said farm and covered by its mortgage; that it received a payment of $2,000 from the wheat purchased by appellant. The testimony tends to show that at least 1,000 bushels of the wheat grown on said farm were sold by W. B. Thompson to one Porter; that all the wheat grown on the premises for the year 1930 was approximately 14,000 bushels, one-half of which belonged to W. B. Thompson and had been mortgaged to appellee; that appellant paid W. B. Thompson for more wheat than he received, the amount of which excess, according to the finding of the jury, was $1,643.93. At the market value of 61½ cents per bushel, as found by the jury, Lee McClelland received and paid appellee for approximately 2,275 bushels, and the appellee received from the money paid by appellant the market value of approximately 3,250 bushels. Mr. Porter received 1,000 bushels. This would account for 6,525 bushels of the 7,000 bushels on which appellee had a mortgage. The appellant paid W. B. Thompson, at the market value, for approximately 2,675 bushels more wheat than he received. Appellee is not responsible to appellant for the payment of this excess, but neither can appellee recover said excess on its suit for conversion; the measure of its damages being the market value of the wheat converted by appellant. Under this testimony we think the court committed error in refusing to submit said issues to the jury. Safety First Bus Co. v. Skibinski et al. (Tex. Civ. App.) 36 S.W.(2d) 288.

The appellant urges numerous other assignments, which we will not discuss, as in all probability they will not occur on another trial.

Any testimony tending to show that appellee's mortgage had been satisfied or that all the wheat grown on the 1,400-acre farm had been accounted for would be admissible.

The judgment is reversed, and the cause remanded.