## JONES v. NATIONAL CASH REGISTER CO.

### No. 1135.

Court of Civil Appeals of Texas. Waco.

June 30, 1932.

Rehearing Denied Oct. 6, 1932.

Hughes & Munroe and P. P. Ballowe, all of Dallas, for plaintiff in error.

Touchstone, Wight, Gormley & Price, of Dallas, for defendant in error.

GALLAGHER, C. J.

This suit was instituted in the county court by the National Cash Register Company, a corporation, hereinafter called plaintiff, against O. L. Jones, hereinafter called defendant, to recover on a promissory note in the sum of $850, executed and delivered by defendant to plaintiff, and to foreclose a chattel mortgage lien on one cash register, given by defendant to secure the same. Defendant pleaded that the consideration for the note sued on had wholly failed. He also pleaded that he had been induced to purchase said cash register by false representations made to him by plaintiff's salesman, that said register could not be made to operate as represented, and that he declined to use the same and notified plaintiff to remove the same from his place of business. The case was submitted to the jury on special issues, in response to the first of which they found, in substance, that plaintiff's agents did not represent to defendant that said register would show separate visible totals on the dial of cash and credit sales in each of the three departments of his business. Other issues submitted, based on the possibility of an affirmative finding on the first issue, were all answered in the negative. The court rendered judgment on the verdict in favor of plaintiff against defendant for $850, with interest from date thereof at 6 per cent., and for foreclosure of lien on said cash register. Defendant presents said judgment for review by writ of error.

#### Opinion.

Defendant presents an assignment of error in which he complains of the action of the court in refusing to permit Mrs. Jones, his wife, to testify that plaintiff's agent Hathorne, who negotiated the sale of said cash register to him, told her "that the cash register would keep the departments separate." Neither the bill of exceptions nor the statement of facts shows when, where, or under what circumstances such statement to the witness was made. Defendant apparently concedes that such statement was not made in his pres-

ence, and that the same was never communicated to him. Said salesman testified as a witness for plaintiff. The statement of facts fails to show that any predicate was laid for the introduction of such purported statement for the purpose of impeaching his testimony. In the absence of a proper predicate, the court did not err in refusing to admit testimony of such statement. Jordan v. State, 10 Tex. 479, 501; Atchison, T. & S. F. R. Co. v. Francis (Tex. Civ. App.) 227 S. W. 342, 345, par. 10; Gause-Ware Funeral Home v. McGinley (Tex. Civ. App.) 21 S.W.(2d) 347, 349, par. 4; St. Louis S. W. R. Co. of Texas v. Bishop (Tex. Civ. App.) 291 S. W. 343, 345, par. 1, and authorities there cited.

 Defendant presents an assignment of error in which he complains of the action of the court in permitting plaintiff to produce said cash register in court and in permitting plaintiff's witness to operate the same before the jury in connection with his testimony with reference thereto. Defendant's bill of exceptions shows that he objected to the action of the witness in demonstrating the operation of said register before the jury. The statement of facts, however, shows affirmatively that defendant in open court during the trial of the cause gave a written order for the delivery of said cash register to the plaintiff, or its representative; that said register was then brought into court for the purpose of demonstration, and that defendant's attorney agreed that the demonstration complained of be made. Where there is a conflict between the recitals in a bill of exceptions and the statement of facts agreed to and signed by counsel for the respective parties and approved by the court, the latter will control. Burton v. McGuire (Tex. Com. App.) 41 S.W.(2d) 238, 240, par. 4; International-Great Northern R. Co. v. Motley (Tex. Civ. App.) 18 S.W.(2d) 782, 784, par. 4; National Grand Lodge, etc., v. Wilson (Tex. Civ. App.) 6 S.W. (2d) 206, 208, par. 8, and authorities there cited.

 Defendant presents for the first time in this court a suggestion of fundamental error apparent on the face of the record affecting the jurisdiction of the trial court. His specific contention is that the plaintiff's pleadings do not show affirmatively that the county court had jurisdiction of the cause. Plaintiff set out in his petition in hæc verba the note and mortgage sued on in this case. The mortgage was in the form of an order, addressed to plaintiff, requesting it to manufacture and ship to defendant the cash register described therein, for which defendant agreed to pay the sum of $875, $25 of which amount was to be paid in cash upon delivery and the remainder in installments. The note sued on was for the sum of $850, and was payable in installments in conformity to the terms of the order. Defendant pleaded a total failure of consideration. He further pleaded in that

connection that said register did not comply with the representations made to him to induce its purchase; that he had never used the same, but held it subject to plaintiff's order. The note sued on was for the sum of $850, which amount was within the jurisdiction of the county court. That court therefore had jurisdiction of the entire cause of action asserted, unless the property upon which plaintiff sought foreclosure was of greater value than $1,000. Defendant contends that the allegations of plaintiff's petition above referred to do not amount in legal effect to any allegation of the value of the cash register upon which foreclosure was sought. The rule is well established that, in determining whether an issue is raised by the pleadings, the allegations of both parties should be considered together, and that an omission in the pleadings of one may be supplied by the pleadings of the other. Ormsby v. Ratcliffe (Tex. Com. App.) 36 S.W.(2d) 1005, 1006, par. 1; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781, 783, par. 1, and authorities there cited. This rule applies where the jurisdiction of the county court over mortgaged property is involved, and in such cases, where the court has jurisdiction of the sum sued for, plaintiff's failure to allege the value of such property is cured by an allegation of jurisdictional value in the defendant's pleadings. Stephens v. Collins Piano Co. (Tex. Civ. App.) 28 S.W.(2d) 255, 256, par. 2; Hranicky v. Sell (Tex. Civ. App.) 199 S. W. 315, 316, par. 2. As against a suggestion of fundamental error, all intendments in favor of jurisdiction will be indulged. Pecos & N. T. R. Co. v. Rayzor, 106 Tex. 544, 548, 172 S. W. 1103; Knoohuizen v. Nicholl (Tex. Civ. App.) 257 S. W. 972, 974, par. 3; Peters v. Hubb, Diggs Co. (Tex. Civ. App.) 35 S.W.(2d) 449, 450, par. 4. We think that the order for the manufacture and delivery of said cash register for the stipulated price of $875, incorporated in plaintiff's petition, was in legal effect, for jurisdictional purposes, an allegation that the same was of such value. However, if defendant is correct in his contention that plaintiff's allegations do not in legal effect constitute an allegation of the value of said cash register, we still have an affirmative allegation by defendant that the consideration for the note given therefor by him has wholly failed. Such allegation is in legal effect an allegation that such cash register so delivered to him and upon which foreclosure was sought was worthless, or at least that it was not worth $850, the amount of the note given in payment therefor. The pleadings of the parties hereto, considered as a whole, allege in effect with reasonable certainty that the value of said cash register was less than $1,000. The court therefore had jurisdiction to foreclose the mortgage upon the same to secure the indebtedness sued for.

The judgment of the trial court is affirmed.