## AMERICAN BANKERS' INS. CO. v. SPEAKER.

### No. 1462.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1934.

Rehearing Denied March 1, 1934.

■■■■■■■■

Wear & Wear, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

ALEXANDER, Justice.

Otto Speaker brought this suit against the American Bankers' Insurance Company to recover certain monthly benefits claimed to be due him under the terms of an accident insurance policy issued by the defendant. The jury returned a verdict on special issues favorable to plaintiff and judgment was accordingly entered against the defendant for the sum of $1,392. The defendant appealed.

The plaintiff pleaded the terms of the policy in full. Said policy provided, in part, as follows:

"The American Bankers Insurance Company * * * does hereby insure Otto Speaker * * * against loss resulting directly, independently and exclusively of all other causes from bodily injury, solely through accidental means, * * * and against loss resulting directly from disease or illness which originates more than thirty days after the date of this policy. * * *"

Then follows paragraphs A and B in which provision is made for compensation for loss of certain members of the body.

"Part C. Total Accident Disability Seventy-Five Dollars Per Month.

"Or if such injury, as described in the Insuring Clause, shall wholly and continuously disable the insured from his occupation, such disability beginning within ninety days following the injury, the Company will pay for one day or more, and so long as the insured shall live and suffer such disability, a monthly indemnity at the rate of Seventy-five ($75.-00) Dollars, as hereinafter provided."

Then follows paragraphs D to M, inclusive, amounting to the equivalent of several typewritten pages, in which provision is made for compensation for both partial and total disability caused either by injury or illness; for nonconfining illness requiring the regular attendance of a physician; for the payment of medical and hospital bills by the company and for the furnishing of other financial aid; a provision making the policy incontestable under certain conditions and another providing for certain grace periods, etc. Following this the policy contains various provisions under the heading "Miscellaneous Provisions." It is then further provided:

"Additional Provisions. (a) This policy does not cover any loss from death or disability caused by or resulting in whole or in part (1) from injury received or sickness contracted while outside the United States or Canada, or while engaged in military service during time of war, or from riding in or on, operating or falling from an airplane or airship of any description, except as provided in Part M, or from insanity or while under the influence of any intoxicant; (2) motorcycle riding; (3) or from venereal diseases or diseases or injury of organs not common to both sexes; or for any time except that during which the insured is under the professional care and regular attendance of a legally qualified physician, at least once every seven days, by reason of the injury or sickness on which the claim is based."

The plaintiff alleged that while said policy was in full force and effect his left hand accidentally came in contact with a gin saw, resulting in his total and permanent disability. He sued for $75 per month from the date of his injury to the date of the trial. The defendant directed a general demurrer to plaintiff's petition and here complains because the plaintiff wholly failed to allege or prove that the insured was under the professional care or regular attendance of a legally qualified physician at least once every seven days during the time for which compensation is claimed.

■ Part C of the insuring clause above quoted bound the insurance company to pay the insured at the rate of $75 per month for total disability so long as he should live and suffer such disability. The only condition or limitation was that the injury should wholly and continuously disable the insured from his occupation. Said insuring clause does not require that the insured be regularly attended by a physician. The provision found in subdivision A (3) of "additional provisions" which requires the regular attendance of a physician, applies only where the insured claims compensation for loss of time as the result of a venereal disease or injury to the organs not common to both sexes. No such claim was made in this case and hence plaintiff was not required to allege nor prove that he had been under the professional care of a physician at least once every seven days, as contended for by the defendant.

■ The plaintiff alleged that while said policy was in full force and effect, "this plaintiff sustained loss resulting directly, inde-

pendently and exclusively of all other causes, from bodily injuries solely through accidental means, by his left hand accidentally coming in contact with the gin saws of said gin and thereby the fingers of his said hand and the ligaments, muscle fibers and nerves of said hand were cut, lacerated and bruised so as to immediately and wholly disable this plaintiff from his said occupation and so as to wholly and continuously disable this plaintiff from his said occupation since said date."

The defendant specially excepted to the above allegations, (a) because same were the conclusions of the pleader, and (b) because the petition did not sufficiently describe the nature and extent of the injuries sustained by plaintiff. We do not think the above allegations were objectionable on the ground that they were the conclusions of the pleader. 1 C. J. 489. We think the allegations as to the nature and extent of the injuries were sufficient, but if there was any error in this respect, such error was cured by the defendant's pleading. The defendant attached to its answer a copy of the proof of loss in which the injuries to the hand were accurately and minutely described. It is well settled that the defects or omissions in the pleading of one party may be corrected or supplied by the pleadings of the other. Texas Employers' Ins. Ass'n v. Arnold (Tex. Civ. App.) 57 S.W.(2d) 954, par. 5; Jones v. National Cash Register Co. (Tex. Civ. App.) 52 S.W.(2d) 1083; Douglas v. Citizens' State Bank (Tex. Civ. App.) 52 S.W.(2d) 540; Pardue v. National Mutual Accident Ins. Co. (Tex. Civ. App.) 55 S.W.(2d) 884, par. 2.

█ The defendant claims that the policy of insurance was void because of certain alleged false representations and warranties contained in the application for insurance. The application contained the following question and answer: "Q. What is your average monthly income? A. 100.00." It is claimed that this representation was untrue. The evidence shows without dispute that the insured at the time of taking out said policy was working at a cotton gin and was earning approximately $100 per month. This representation therefore was not untrue. The application contained the following questions and answers: "Q. Are you insured in any other accident company or association except as herein stated? A. No. Q. If you take health or accident insurance during the life of this policy, will you report the fact to the company? A. Yes." It appears that at the time the policy was taken out the insured's employer carried workman's compensation insurance. The insured discovered this fact a short time after the policy had been taken out, but did not report it to the insurance company. We do not think workman's compensation insurance was the character of insurance referred to in the above question and consequently the policy was not voided by the failure to report such insurance. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S. W. 406. Moreover, it appears that a true copy of the application for insurance was not attached to the insurance policy as required by Revised Statutes, art. 5049, and consequently such representations, if any, as contained in the application for insurance did not constitute a part of the contract of insurance. Southwestern Surety Ins. Co. v. Hico Oil Mill (Tex. Com. App.) 229 S. W. 479.

█ In April, 1932, the defendant forwarded to plaintiff's counsel a check for $185 marked "in full settlement" of plaintiff's claim. This check was never returned to the defendant, and, as a consequence, the defendant contends that plaintiff's claim has been settled in full. It appears, however, that said check was never cashed by the plaintiff and that plaintiff's attorneys immediately notified the defendant of plaintiff's nonacceptance thereof and that the check was held subject to the defendant's order. This did not constitute an acceptance of the defendant's offer sufficient to bar the plaintiff's right to recover the amount due him as provided in the policy.

We have very carefully considered each of the other forty-nine assignments of error and find them without merit. The judgment of the trial court is affirmed.