Dan Walton, Dist. Atty., Carl E. F. Dally and F. M. Hooey, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, one year in jail.

Appellant's confession was introduced without objection which recited that he and his wife (the deceased) had been drinking on the night in question, that they got into an argument and then a fist fight ensued in which appellant hit deceased in the face with his fist and she fell down. It recited further that she went to bed with her clothes on, that at 3:00 a. m. he heard her moaning, and at 7:30 he tried to awaken her but was unable to do so and called an ambulance.

It was shown by the testimony of two doctors that deceased died from a traumatic injury to the skull which in their opinion could have been inflicted by a blow from the fist of a person of appellant's size.

Though the indictment charged murder, the case was submitted to the jury on the law of aggravated and simple assault.

The sole questions presented for review relate to the court's charge. The bills of exception relating to the charge cannot be considered because the court refused the same and appellant took no further action. Wortham v. State, Tex.Cr.App., 333 S.W. 2d 158; Willie v. State, Tex.Cr.App., 334 S.W.2d 159; Lair v. State, Tex.Cr.App., 333 S.W.2d 389, and English v. State, Tex. Cr.App., —— S.W.2d ——. We have, however, examined the charge as given and find no fundamental error therein.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

**WASHINGTON NATIONAL INSURANCE COMPANY, Appellant,**

v.

**H. D. ADAMS, Appellee.**

No. 7209.

Court of Civil Appeals of Texas.

Texarkana.

March 29, 1960.

Florence, Garrison & Holt, Gilmer, Woodrow H. Edwards, Mt. Vernon, for appellant.

Fulton, Hancock & McClain, Hollie G. McClain, Gilmer, for appellee.

CHADICK, Chief Justice.

Benefits under the provisions of two insurance contracts were awarded the plaintiff in the trial court. The judgment is affirmed.

H. D. Adams, the appellee here, filed suit against Washington National Insurance Company in the District Court to collect money accruing to him under the terms of one policy insuring against loss by accidental injury and another insuring against loss of income.

As a defense the insurance company pled a general denial, certain fraudulent representations by Adams in his applications for the policies including a misstatement of his age; and alternately pled the provision of each policy reducing benefits to accord with the benefits the premium paid would purchase at Adams' correct age; and by cross-action sued Adams for recovery of benefits previously paid under the policies. Judgment against the insurance company was instructed.

On appeal the insurance company takes the position that the "Plan 81" daily income insurance policy is a nullity because no meeting of the minds occurred in the transactions resulting in the issuance of the contract. The principal undertaking and general scheme of insurance under this policy is that on payment of $1.19 weekly premium the company insured Adams against loss of income from total disability occasioned by injury or sickness to the extent of paying $3.50 per day during such disability for a period not exceeding 182 days.

The company did not affirmatively plead failure of the minds to meet as barring a consummation of the contract but it now asserts for the first time that the evidence shows conclusively that there was no meeting of the minds because the policy on its face purports to be issued to H. D. Adams a man 54 years of age and indisputably Adams was 59 at the time the policy issued. Bearing upon this it is pointed out the insurer's soliciting agent testified that the upper age limit under "Plan 81" was 54 years. And another witness, the district manager for the insurer, gave similar testimony, including this:

"Q. My question was had you had previous experience in the company where it had developed that the person insured was over the age of 54? A. Yes.

"Q. Has the company formulated a policy that has been a set policy in the company with reference to the proration of the premiums—of the benefits that would be paid where the person insured was over the age of 54 years? A. Yes, the company has."

This line of testimony was halted by an objection and was not further developed.

The testimony of the two witnesses is immaterial under the record in this case. Waiving aside any lapse or hiatus in pleadings, estoppel, accident, mistake and the like, it is shown without question that Adams filed his applications with the company for both policies and the "Plan 81" policy, a written insurance contract, was made up and executed by the company and then delivered to him and he accepted it. He paid the company and the company accepted all premiums accruing under the contract terms. It is nowhere suggested the contract is in contravention of any law. Under principles of contract law the offer and acceptance consummated the contract. See Contracts, 17 C.J.S. p. 362, § 34; Insurance, 44 C.J.S. p. 968, § 232; "Insurance", 24–B Tex.Jur., page 27, Sec. 5. There is no proof of fraudulent representations by Adams in his applications inducing the company to issue the policy and none can be proven for reasons mentioned in the next

paragraph so a discussion in that respect is pretermitted. The absence of pleading or proof upon issues of accident or mistake likewise render comment unnecessary upon such possible defenses.

The two policies are subject to the provisions of Insurance Code, Art. 21.35 of Vernon's Tex.Civ.St. The company did not attach copies of the application to the policies and it cannot now avoid the policies on the basis that the contract was induced by fraudulent representations made by Adams in his applications. Southwestern Surety Ins. Co. v. Hico Oil Mill, Tex.Com. App., 229 S.W. 479; American Surety Co. of New York v. West State Bank, Tex.Civ. App., 4 S.W.2d 312, wr. ref.; American Bankers' Ins. Co. v. Speaker, Tex.Civ.App., 68 S.W.2d 555, error dis.; Harris v. Allstate Ins. Co., Tex.Civ.App., 249 S.W.2d 669, wr. ref. It follows that the trial judge did not err in instructing a verdict against the insurance company on its cross-action.

All of appellant's points of error have been examined and reversible error is not shown. The judgment of the trial court will be affirmed.